Hallett, Seaver & Burbank *vs.* Blain & Harris.

\*HALLETT, SEAVER & BURBANK, plaintiffs in error, *vs.* BLAIN & HARRIS, defendants in error.

Where proceedings had before a justice of the peace are brought up for review by writ of *certiorari*, and no question of fact is involved, it is the duty of the superior court to render a final judgment in the case, without sending it back to the lower tribunal.

WARNER, Chief Justice.

SQUIRE UNDERWOOD, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

GEORGE FAVER, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

FIELDS, WITHERSPOON & COMPANY, plaintiffs in error, *vs.* DEMORE & COMPANY, defendants in error.

The verdicts in these cases are sustained by the testimony.

DUDLEY P. JACKSON, plaintiff in error, *vs.* GILBERT M. BYNE, defendant in error.

The granting of an injunction without notice to the party sought to be enjoined, is in violation of section 3211 of the Code.

WARNER, Chief Justice.

JOHN T. BURKHALTER, plaintiff in error, *vs.* JOHN W. BAKER, defendant in error.

Where upon the trial of a possessory warrant, the right to the possession of the property turned exclusively upon the evidence, and no error of law is complained of, the decision of the magistrate will not be reversed.

WARNER, Chief Justice.

* No reports or opinions are published in this and the following cases, in accordance with the provisions of act of March 2d, 1875.  (R.)