## Horace J. Perrin and another v. Josiah Lepper and another.

*Rents: Co-tenants: Non-joinder: Abatement: Apportionment.* In an action to recover rent the non-joinder of a co-tenant as plaintiff can only be set up in abatement, and where not so pleaded it will go merely to apportion the damages.

*Deeds: Grantor's interest.* An owner of property, or any interest therein, may grant, convey or assign his right or interest without requiring the assent or acquiescence of any third person, and the grantee or assignee will take, hold and enjoy the property so acquired in the same manner and with the like rights that his grantor or assignor had.

*Deeds: Lessor: Rents: Grantee: Assignee.* The lessor of real estate may convey his reversion and his grantor will be entitled to' the rents accruing thereafter, or he may assign the reversion, reserving the rents, or assign the rents, due and 'to become due, and in either case when the rents are assigned, the assignee may sue and collect them in his own name under our statutes.

*Deeds: Rents: Attornment.* A conveyance of leased lands with the reversion, remainder, "rents, issues and profits thereof," transfers to the grantee the right to collect and sue for the rent thereafter accruing, and · the tenant cannot defeat his action by refusing to attorn to him.

*Attornment.* The doctrine of attornment grew out of the peculiar relations existing between the landlord and his tenant under the feudal law, and the reasons for the rule never had any existence in this country, and it is inconsistent with our laws, customs and institutions; beyond its application to estop a tenant from denying the title of his 'landlord, it can serve but little if any useful purpose.

*Heard April 20. Decided June 20.*

Error to Calhoun Circuit.

*T. G. Pray*, for plaintiffs in error, to the point that a deed carries all the vendor's interest, cited: *26 Mich., 399;* that a grant of a reversion carries with it, as an incident thereto, the rent remaining to grow due: *14 Barb., 654; 17 Barb., 155; Bank v. Wise, 3 Watts, 394; Taylor L. & T.,* §§ *154, 161; I Wash. on R. P., 340,* §§ *8, 9;* that the doctrine of attornment is inconsistent with our institutions, being feudal in origin, and must be confined to cases where its application is a necessity: *1 Foster, 234; 4 Foster, 248; 13 Ill., 626; 1 Wash. R. P., 340,* § *7;* that plaintiffs were entitled to sue for their moiety without joining their co-

PERRIN *v.* LEPPER.

tenant: *1 Wash. R. P., 341, § 8, note 3, § 9; Cooley's B. Com., 459; 17 Barb., 155; 3 Bosw., 63.*

*Brown & Patterson,* for defendants in error, that the deed to plaintiffs did not transfer the right to sue for the rents, cited: *1 Saund., 237; Smith L. and T., 357, 361, note 12; 57 E. C. L., 929; Crawford v. Chapman, 17 Ohio, 451; Van Rens v. Hays, 19 N. Y., 81; Trask v. Green, 9 Mich., 365;* that they could not sue in assumpsit: *C. L. 1871, §§ 6194, 4301, 4302; 5 Denio, 454; Smith L. and T., 374;* that plaintiffs were not entitled to sue without joining their co-tenants: *Beer v. Beer, 12 C. B.; Janes v. Felch, 3 Bosw., 64; Wilkinson v. Hall, 27 E. C. L., 555; 10 E. C. L., 524; 5 B. & Ald., 675; 7 E. C. L., 462; Smith L. and T., 83–4; 17 E. C. L., 685; Wall v. Hinds, 4 Gray, 256; 1 Wash. R. P., 437; 3 Cruise Dig., 347–8.*

MARSTON, J:

Brown and Van Arman being the owners, as tenants in common, of certain property in Marshall, on the 6th of September, 1859, leased the same to defendants for a term of five years from and after that date, for which defendants agreed to pay them two hundred and seventy-five dollars per year, payable quarterly. On the 12th day of April, 1862, Van Arman by warranty deed conveyed his interest in said premises, together with the rents, issues and profits thereof, to plaintiffs, who, about the 14th of April, 1862, gave defendants notice of such purchase, and that they, the plaintiffs, would require one-half the rent from and after that time. This request not having been complied with, plaintiffs, December 29, 1863, commenced this action to recover the amount of rent claimed by them. In their declaration they declared specially upon the lease, setting forth the conveyance by Van Arman to them, and also inserted a count for

use and occupation. The court charged the jury that in order for plaintiffs to recover upon either count, it was incumbent on them to prove that before the action was commenced the Leppers had recognized and acknowledged the relation of landlord and tenant as existing between them; in other words, that there had been an attornment. There being no such evidence, plaintiffs failed. To this ruling they excepted, and the question here raised is really the only one in the case. It is true that counsel for defendants in error insists that the plaintiffs, even if entitled to recover, could not sue alone, but must have joined their co-tenant of the reversion in bringing this action. It may be doubtful whether such a question properly arises under the ruling of the court, but as a new trial must be ordered, and this question may again come up, we may as well dispose of it at the present time, by saying that the non-joinder could only be set up in abatement, which was not done in this case, and if not so pleaded, it would merely go to apportion the damages.—*Achey v. Hull, 7 Mich., 430.*

It has come to be the generally accepted doctrine in this state, that a person who owner of real estate, personal property or choses an action, or who has an interest therein, may grant, convey or assign his right or interest, without the assent or acquiescence of any third per on, and that the grantee or assignee will take, hold and enjoy the property so acquired in the same manner and with the like rights that his grantor or assignor had. The law has always been very liberal in this state in permitting assignments of choses in action, and now permits the assignee to sue and recover thereon in his own name. The lessor of real estate may convey hi reversion, and his grantee will be entitled to the rents accruing thereafter, or he may assign the reversion, reserving the rents, or assign the rents due and to become due. In either case when the rents are assigned, the assignee may sue and collect them in his own name under our statute. The conveyance from Van Arman to plaintiffs was of his entire interest in the demised premises, "and the reversion and reversions,

remainder and remainders, rents, issues and profits thereof."
The effect of this conveyance was not to release defendants
from the payment of rent; they could no more thereafter
than before retain the beneficial use and enjoyment of the
demised premises and at the same time be exempt from the
payment of rent under their lease. Van Arman, however,
after his conveyance was no longer entitled to collect this
rent. That right he had transferred and assigned to the
plaintiffs. If defendants, by refusing to attorn to the plain-
tiffs, can prevent their collecting, the only effect would be to
complicate matters and place obstructions in the way of the
sale of demised premises. The doctrine of attornment grew
out of the peculiar relations existing between the landlord
and his tenant under the feudal law. The landlord could
not alienate the estate without the consent of his tenant.
This consent was called an attornment. It was founded
upon a state of society which certainl never had any exist-
ence in Michigan. The peculiar reasons and elations out
of which this doctrine sprung never having had any exist-
ence here, why should the rule itself? Where the reasons
from whence a rule arose cease to exist, the    e should
cease also. In a country where they never existed, the rule
should not be adopted. Of course there may be exceptions
to this. Other reasons for continuing a rule may arise while
those from whence the rule grew have passed away, but
we discover none such in thi  instance. The doctrine of
attornment is inconsistent with our laws, customs and insti-
tutions. It may serve a useful purpose in estopping a ten-
ant from denying the title of a landlord to whom he has
attorned, but beyond this it can be of but little if any use.
"The common law of England is not to be taken, in all
respects, to be that of America. Our ancestors brought with
them its general principles, and claimed it as their birth-
right; but they brought with them and adopted only that
portion which was applicable to their situation."—*Story, J.,*
in *Van Ness v. Pacard, 2 Pet., 144;* or as was said in *Lor-
man v. Benson, 8 Mich., 25:* "Questions of property, not.

clearly excepted from it, must be determined by the common law, modified only by such circumstances as render it inapplicable to our local affairs."—*Cooley's Const. Lim.*, *23 and note.*

I am of opinion that the court erred in charging the jury that an attornment was necessary to entitle the plaintiffs to recover. The judgment must be reversed, with costs, and a new trial ordered.

The other Justices concurred.