45 519
83 249
45 519
98 85

———•———

\

NELSON HANSEN v. ARTHUR C. PRINCE.

*Right of action on lease—Enforcement of lien against lessee—Effect of deed of leased land.*

An agreement that a person who retains no ownership in the lease and has sold the land should receive certain portions of the rent thereafter payable, gives him no title to enforce such payment by any action founded directly on the lease itself. All rights of that kind belong to the assignee of the land under lease, where they cannot be separated from the ownership of that instrument, and the beneficial interest in the partial revenues must be enforced in some other way.

A lien on property given by a lease, to secure the performance of its conditions, is inseparable from the lease, and can only be enforced against the lessee by the landlord or his assignee.

A deed of land under lease conveys the landlord's rights, as against the lessee, without further ceremony.

Case made from Kent. Submitted January 19. Decided April 13.

REPLEVIN. Plaintiff had judgment below. Affirmed.

*Taylor & Eddy* for plaintiff.

*Drury & Maher* for defendant.

CAMPBELL, J. Hansen replevied certain household furniture taken from him by defendant Prince as agent for one Young under a provision in the nature of a chattel mortgage in a lease, August 15, 1877. Young, as owner of certain premises in Grand Rapids, leased them to Hansen for three years, at $500 per annum, payable monthly in advance. The lease contained clauses whereby a lien or mortgage was to exist on all property then or thereafter on the premises, with authority in default of rent or other covenant broken, to seize and sell enough to pay the amount due and costs.

On the 29th of July, 1878, when no rent was in arrears, and none would accrue until August 15, Young sold and conveyed the leased property by warranty deed to Mrs. Lucinda E. Judd. At about that time it was agreed between Mrs. Judd and Young that Hansen should pay to Young the rent to grow due up to December 1st, and Hansen was notified of this and paid rental to Young up to September 15th. It is not found that this agreement was in writing or was in the deed or in any way referred to in it, and it is not found it was made at any particular time as simultaneous, anterior or subsequent.

On September 16, 1878, Mrs. Judd sued Young before a justice and garnished Hansen, who answered and admitted his liability as before described. In each instance of suing out garnishee process the rent sought to be reached by it had already accrued. Judgment was recovered before the justice against Young, for more than the amount disclosed, and he removed it by *certiorari* into the circuit court, and gave the statutory bond. The judgment was affirmed March 20, 1880.

The present replevin suit was begun August 15, 1879, and tried on April 26, 1880. The circuit court held that by the sale to Mrs. Judd all of Young's rights under the lease itself and the security contained in it passed to the vendee, and that the arrangement to allow rent to be paid to him until December did not give him any right to enforce the mortgage clause. It was also held that the garnishee proceedings were not destroyed by the *certiorari*.

We think that the court held correctly that the right to receive payments up to December, 1878, did not involve any assignment of the lease itself or any direct interest in it. The agreement was simply that certain moneys which belonged to Mrs. Judd should be paid to Young. There was no reservation whatever in the deed to Mrs. Judd, and she was thereby vested with the entire title to the land, subject only to Hansen's tenancy. She was thereafter the only landlord, and Young ceased to have any interest in the freehold, or any claim except such as Mrs. Judd gave him, which is not found to be any control over the securities. Such an interest carries no legal title. *Hartford Fire Ins. Co. v. Davenport* 37 Mich. 609.

The claim that under our present laws a deed of land does not transfer rights to enforce existing leases is unfounded. It has been decided otherwise. *Perrin v. Lepper* 34 Mich. 292; *McGuffie v. Carter* 42 Mich. 497. There can only be one landlord at a time, entitled to enforce claims under leases. The questions relating to the garnishee proceedings are, therefore, not important and we do not consider them.

The judgment must be affirmed with costs.

The other Justices concurred.