| 81 | 53 |
| h110 | 41 |

ANDREW *vs.* STEWART BROTHERS.

1. Proof that a crop seized under a distress warrant was on the rented premises when the levy was made, is equivalent to proof that it was then in the tenant's possession.

2. Under the act of September 27th, 1883, a special lien for rent arises in favor of the transferee of a rent note when the crop matures, if the transfer was made in writing before such maturity. It makes no difference that the transfer was as collateral security (the note being negotiable), as a transfer for that purpose passes the legal title.

3. A crop produced on any part of the rented premises is liable for the whole rent of the entire premises, and whether produced by the tenant or his subtenant, unless the landlord assented to the subletting or ratified it whilst owner of the rent contract or the transferee of the contract did so after acquiring his title.

4. The note in this case, properly construed, was a contract for the payment of rent only, though as printed it was adapted for use to cover advances on account also.

5. Other small points, on admitting parol evidence to explain the assignment, and on middling cotton as compared with rent cotton, and as to deficient evidence to show value, etc., are overruled as not warranting a new trial.

May 16, 1888.

Landlord and tenant.   Crops.   Evidence.   Liens. Title.   Promissory notes.   Contracts.   New trial. Before Judge BOYNTON.   Newton superior court.   September term, 1887.

Reported in the decision.

JAMES R. ALBERT, for plaintiff in error.

CAPERS DICKSON, by brief, *contra.*

BLECKLEY, Chief Justice.

1. This was a distress warrant levied upon a crop. The levy was made while the crop was upon the premises which produced it. Claim was interposed, and the claimant moved to dismiss the levy, because it was not shown that the crop was in the possession of the defendant in the distress warrant. The motion was overruled, and we think, correctly. It was plainly inferable from the evidence that the crop was on the premises at the time it was levied upon; and besides, if it was doubtful under the plaintiff's evidence, it was made very certain by the defendant's evidence subsequently introduced, that it was upon the rented premises.

2. The point was made that the transfer of the rent note was before the crop was planted, and therefore that the lien has not passed from the landlord to the plaintiff in the distress warrant. That point was raised in *Lathrop & Co. vs. Clewis*, 63 *Ga.* 282, but it was afterwards met and fully disposed of, we think, by the act of September 27th, 1883, (acts 1882–3, 109,) which declares, in substance, that if a written rent contract be transferred in writing before the maturity of the crop, on the maturity of the crop a special lien shall arise in favor of the transferee. Here there was a written transfer before the maturity of the crop, even before the planting of it. It matters not that it was for collateral security, because there is as much law to transfer a negotiable instrument for collateral security as for any other purpose; and at the time the crop matured, the plaintiff in this distress warrant owned the rent note; and so we think that there is nothing in the point that there could be, as to this plaintiff, no lien. The plaintiff owned the debt at the time the rent note matured, and the parties fixed that time for its payment;

and the maturity of the crop may be considered as complete at the maturity of the note, the time being the 1st of October.

3. It appears that the rent note was given for the rent of sixty-nine acres of land; and this crop levied upon was produced on only a part of the rented land. The tenant himself did not produce it, but he perhaps sublet a part of the premises; and this crop was grown upon the sublet portion, and was produced by the labor of the subtenant; and it is insisted that the produce of that part of the land is liable only for the rent of that part, and not liable to pay the whole rent of the entire premises. We think this point is not well-taken. There was no consent on the part of the landlord or of the transferee of the rent note to sublet the premises, and the crop being produced on part of the premises, is to be considered the crop of the tenant, and not of the subtenant, and as liable for the payment of the tenant's debt for rent, and for the whole rent. If the landlord had consented to any subletting, he would be bound by it; even if he had adopted it after it was done without his assent, and thus ratified it, this might have bound him, were he still the owner of the rent note. But there is no evidence of adoption or ratification in the case. And we think the tenant cannot defeat the landlord's claim for rent on any part of the crop—the whole rent, by subletting to tenants without the sanction of the landlord.

4, 5. There were some small points made on admitting parol evidence to explain the written assignment of the rent contract, and as to the difference between midling cotton and rent cotton, and as to there being no evidence of the value of the cotton, and as to the note being not alone for rent but also for an account; all of which we overrule. We think the note is for rent only, and embraces no account, but is a note adapted in its form

to embrace an account. It is one of those foolish printed blanks prepared for some other purpose and used for this purpose; but the note expresses that it is for rent, and that implies for nothing else, or for rent only.

We think the court did right in refusing to grant a new trial.

Judgment affirmed.