## MORROW vs. SAWYER.

1. One who purchases realty from the original landlord during the term of a tenant, is entitled, after the expiration of that term, to eject the tenant, who holds over beyond his term and refuses on demand to deliver possession, by dispossessory warrant.

2. That the land was conveyed to plaintiff in the warrant by deed to secure a debt due him by such original landlord, would not necessarily help the tenant holding over. If it were a deed to secure the payment of money, it passed the title to the grantee, and after the money became due, he would be entitled to recover the land, unless the money were paid.

November 22, 1888.

Dispossessory warrant. Landlord and tenant. Deeds. Title. Before Judge RICHARD H. CLARK. Clayton superior court. March term, 1888.

Reported in the decision.

HALL & HAMMOND and W. L. WATTERSON, for plaintiff.

Bigby & Dorsey and G. D. Stewart, for defendant.

Simmons, Justice.

It appears, from the record in this case, that B. W. Morrow rented a tract of land to J. C. Sawyer for the year 1885. Morrow had not fully paid for the land. During the term for which Sawyer had rented the land, to wit, in April, 1885, Morrow got his brother, J. H. Morrow, to give his note for the balance due on the land, $55, and had Kimball to make a deed to the land to J. H. Morrow. At the expiration of Sawyer's term, J. H. Morrow demanded possession of the land, and Sawyer refused to yield it. J. H. Morrow then filed his affidavit, under section 4077 of the code, setting out that he was the owner of the land, that he had become the purchaser thereof from B. W. Morrow after Sawyer had rented it, that Sawyer was holding over beyond his term, and that he had demanded possession of Sawyer and had been refused. A warrant was thereupon issued to eject Sawyer from the premises. The proceedings were arrested by Sawyer's tendering to the officer a counter-affidavit; in which affidavit he alleged that he did not hold the premises, either by lease or rent, or at will or by sufferance, or otherwise, from J. H. Morrow, or from any one under whom he claimed, nor from any one claiming under him. On the trial of the case, J. H. Morrow showed the facts above recited, and closed. Sawyer made a motion to nonsuit, which was granted by the court, upon the ground that J. H. Morrow, not being the landlord who rented the premises to Sawyer, could not eject Sawyer by this summary remedy; or in other words, the court held that section 4077 of the code did not apply to a purchaser of land after it had been rented. Morrow excepted, and brought the case here for review.

1. We think the court erred in granting the nonsuit upon the ground stated in the bill of exceptions. We think that this section of the code (§4077) applies to one who purchases from the original landlord during the term of the tenant. Indeed, the act of February 18th, 1854, (acts 1853-4, p. 55,) from which §4077 is partly codified, was enacted by the legislature expressly to meet cases of this sort. That act declares that the original act shall be "so extended as to embrace the cases of the vendee of the original lessor or owner from whom the land was rented." The codifiers, instead of using the term "vendee", used the general term "owner." We hold, therefore, that where the owner of land rents it for a term to a tenant, and during that term sells the land to another, and after the expiration of the term the tenant refuses to give up the possession to the purchaser of the land, the purchaser can avail himself of the remedy prescribed in section 4077 of the code.

2. It was insisted, however, by counsel for the defendant in error, that this nonsuit was right, because the evidence tended to show that this was not a sale of the land to J. H. Morrow, but was simply a deed to secure the payment of money to him by B. W. Morrow, the orignal owner. Even if this were true, we do not think it would necessarily help the defendant in error in this case. If it was a deed to secure the payment of money, it passed the title to J. H. Morrow, and after the money became due, he would be entitled to recover the land, unless the money was paid.

Judgment reversed.