ZINK *et al.* *v.* BOHN *et al.*

(*Superior Court of Buffalo, General Term.* December 3, 1888.)

1. LANDLORD AND TENANT—RECOVERY OF POSSESSION—ACTION BY PURCHASER.

A conveyance of demised premises in fee, without reservation, carries with it all the lessor's rights, and, in a proceeding by the grantee against the tenants, after giving them the statutory notice to pay the rent or quit the premises, a judgment that defendants are in default, and that a warrant issue to put petitioners in possession, is proper.

2. SAME—PARTIES—SUBTENANTS.
   Another tenant, who occupies and carries on business in a part of the premises, with the knowledge and consent of the lessee, is properly made a party to a suit for possession.

3. SAME—RIGHTS AND LIABILITIES—ESTOPPEL TO DENY LANDLORD'S TITLE.
   In the absence of other evidence, the execution of the lease is conclusive proof of ownership in the lessor at the time, as against the lessee.

4. SAME—EXECUTION OF LEASE BY LANDLORD—ESTOPPEL TO DENY.
   Where a tenant has remained in possession of premises, and enjoyed the use thereof, and the trial court finds that he signed the lease, he is estopped from asserting the improper execution of the lease by the landlord.

5. SAME—HOLDING OVER—LIABILITY OF TENANT.
   Where the tenant has remained in possession after the expiration of the lease, the law implies an agreement on his part to hold in accordance with the terms of the lease.

6. SAME—APPEAL—REVIEW—QUESTIONS NOT RAISED BELOW.
   Where trial court assumed, without objection, that the lease was properly executed by the landlord, the signature cannot be questioned for the first time on appeal.

Appeal from municipal court.

Action by Henry Zink and another against Joseph Bohn and another for the possession of certain leased premises. Defendants appeal from a judgment directing that a warrant issue to put plaintiffs in possession.

*O. C. Dewitt*, for appellants.    *E. L. Parker*, for respondents.

HATCH, J.   Upon the trial below, petitioners introduced in evidence a lease of the premises described in the petition, instituting these proceedings bearing date November 13, 1875, for the term of three years from the 9th day of September, 1875. Said lease was under seal, partly printed and partly written, and purported to be signed by George D. W. Clinton, as landlord, and Joseph Bohn, as tenant. It was further proved that Clinton died subsequent to the execution of the lease, and that by various conveyances the petitioners became the owners of the premises previous to instituting these proceedings. It was further established that Bohn continued in possession, paying no rent; that the statutory notice had been served requiring said tenant to pay the rent which had accrued since petitioners became the owners of the premises, or remove therefrom. These facts having been established. petitioners became entitled to, and the court was authorized to render, the judgment which it pronounced. The conveyance of the fee without reservation carried with it all of Clinton's rights in the lease, substituting petitioners in his place. *Hannigan* v. *Ingersoll*, 20 Hun, 316; Code Civil Proc. § 2235.

It is claimed, however, that as there was no evidence that Clinton was the owner or in possession of the premises at the time of the execution of the lease, there is a failure of proof, and no judgment in petitioner's favor could be pronounced. This objection proceeds upon the theory that a lease under seal is not alone sufficient to establish the conventional relation of landlord and tenant. The relation of landlord and tenant is created by agreement, and the lease is the agreement; consequently when the parties are shown to have executed it the relation is established. This is all the petitioners need prove. To go behind it would require the petitioners to show title, possessory or otherwise, which is conclusively presumed in favor of the petitioners, and the tenant is estopped from denying it. *Ackley* v. *Westervelt*, 86 N. Y. 448; *Prevot* v. *Lawrence*, 51 N. Y. 219. The tenant can scarcely insist upon petitioners proving what he is estopped from denying.

It is further claimed that there is no proof that Clinton ever signed the lease. The contest upon the trial related solely to the question whether the tenant executed the lease. Upon that subject the evidence was conflicting, but the court has found against the tenant, and we must conclude that he executed the lease. Having so found, it was immaterial whether or not Clinton signed; for the tenant has since remained in the possession of the

premises, enjoying the fruits of the agreement. He is now estopped from being heard to say that the lease was never properly signed by the landlord. But if it were necessary it must be considered as established. Clinton's name appears attached to the lease, with his seal. It was assumed upon the trial that he signed, and no objection or suggestion was made but that such was the fact. Appellant cannot be heard to now raise the question for the first time. *Paige* v. *Fazackerly*, 36 Barb. 392; *Jencks* v. *Smith*, 1 N. Y. 90. It would be presumed that the proof could have been supplied if objection was made. The lease having been established, and the continued possession thereunder shown, after the expiration of the term, the law implied an agreement upon the part of the tenant to hold in accordance with the terms of the prior lease, and this he may not deny. *Ackley* v. *Westervelt, supra; Webber* v. *Shearman*, 3 Hill, 547–550.

The proof also showed that Catherine Bohn occupied and carried on business in a part of the premises, and that she so entered with the knowledge and consent of the tenant. She was therefore properly made a party. We find no error in the record. The judgment should therefore be affirmed, with costs. All concur.