## JOHN WOHNER v. A. S. HANDY.

1. ATTACHMENT. *Landlord and tenant. Assignee of rent. Subrogation.*

   Where several creditors attach a tenant's goods on the leased premises without paying or tendering the rent due for the unexpired term of one year, and the officer pays such rent out of the proceeds of the goods, and applies the balance in satisfaction of the liens in their order, the last attaching creditor who is thus paid only part of his debt does not become by subrogation or otherwise assignee of such rent.

2. SAME. *Assignee of rent. Assignee of term. Privity.*

   But, even if he were the assignee of the rent reserved, and the unexpired term had been attached and sold, he could not sue the purchasers therefor, since there is no privity of estate or contract between the assignee of the rent and the assignee of the term.

FROM the circuit court of Madison county.

HON. J. B. CHRISMAN, Judge.

Several creditors of one Maloney, a merchant, sued out attachments against him, which were levied on his stock of goods in a store-house which he had rented for one year at a fixed rental payable monthly. Another creditor, failing to levy on the goods, caused his attachment to be levied, among other things, on the unexpired lease. There was no tender or payment in behalf of any such creditors of the rent due, which, by § 1768, code 1880, is made a prerequisite in such cases to the removal of the goods or execution of the judgment. The attachments were sustained and the goods sold. Out of the proceeds of the sale the officer first paid to the landlord the full amount of the rent due for the unexpired term of one year, and then paid the attachment debts in the order of their priority. The appellant, Wohner, was the fifth attaching creditor in the order of priority, and the proceeds of the goods, after paying the prior attachments, paid only a part of his judgment, leaving unpaid considerably more than the rent paid to the landlord by the officer out of the proceeds of the goods. The unexpired lease was also sold, and the appellee, Handy, became the purchaser, and went into possession of the store-house and occupied it until the end of the term, neither Maloney, the tenant, nor his landlord making any objection. Afterwards Wohner, unable to

realize further on his judgment against Maloney who was insolvent, brought this suit against Handy to recover the value of the lease for the time during which the latter had occupied the store under his purchase. Appellant's theory is that he became by subrogation the assignee of the rent, inasmuch as the landlord was paid out of the proceeds of the goods which had become subject to his lien.

The suit is brought in the name of the landlord for the use of Wohner, though the record contains the written statement of the landlord that he had been satisfied as to his rent, and that he refused to allow the use of his name in any suit for its recovery; but no point is here presented as to the form of the action. There was verdict and judgment in favor of the defendant both in the justice court and in the circuit court, and plaintiff appeals.

*F. B. Pratt,* for appellant.

Handy, having purchased the lease at execution sale, became in law assignee thereof with all the rights and liabilities of an assignee. 2 Taylor, Landlord & Tenant, §§ 427, 435; 4 Wait's Ac. & Def. 247, 257.

The assignee of a lease whether under contract or by operation of law, as by sale under execution, takes the lease subject to all covenants running with the land, including the obligation to pay the rent. 2 Taylor, Landlord & Tenant, 435–444; 4 Wait's Ac. & Def. 248–250; 66 Pa. St. 470.

Handy having thus become liable to pay monthly rent, to whom should he pay it? Not to the lessor, for he had been paid in full. Clearly, it should be paid to Wohner. He became assignee of the landlord's right upon the doctrine of substitution or subrogation. It cannot be disputed, that if the landlord had not demanded his rent under § 1768 of the code, the purchaser of the lease would have become liable to him for the monthly rent. Wohner having become by operation of law surety for the rent, and having paid the same, the lessee or his assignee is not thereby discharged from the covenants of the lease. The covenant to pay rent has not been performed by the lessee or his assignee, but still exists as a part of the lease and runs with the land. Wohner was compelled to pay the landlord in order to get rid of the lien upon the goods which

he had secured.  The mere discharge of the lien cannot operate to discharge the lessee or his assignee from all duty to pay rent.

In equity Wohner was subrogated to the rights of the landlord, and courts of law will protect such equitable rights and entertain a suit by Wohner in the name of the landlord.  *Anderson* v. *Miller*, 7 S. & M. 590; *Staples* v. *Fox*, 45 Miss. 682; *Lowenburg* v. *Jones*, 56 Ib. 693.

*F. B. Pratt* also made an oral argument.

No counsel for appellee.

COOPER, J., delivered the opinion of the court.

There may be other reasons why the appellant should not recover in this action than those we give.  But since either of them is fatal to his right, we content ourselves by stating them.  These are:—

First.  The appellant is not, by subrogation or otherwise, the assignee of the rent reserved by the landlord.  Second.  If he were such assignee, he could not recover against the appellee, between whom and himself there is neither privity of estate nor of contract, but his only remedy would be against Maloney, the tenant.

The appellant has not paid the rent to Horn, the landlord; on the contrary, it was paid by the sheriff out of the proceeds of the goods of the tenant, Maloney.

The right of the landlord to be paid was superior by law to the lien secured by appellant by his attachment against the tenant. The gravamen of his complaint is that he failed to secure a prior lien under circumstances in which it was not given by law.

But if we should concede to him the position he seeks, that of assignee of the rent reserved in the original lease, this suit could not be maintained.  Handy, by his purchase at the sheriff's sale of the term of the tenant, became assignee of the term, and liable only by reason of his privity of estate, to pay the rent reserved. His liability resting on such privity could only be invoked in behalf of some person with whom this privity existed.  The appellant, if assignee by subrogation to the *rent* due the landlord, would not thereby come into privity of estate with the assignee of the term, and therefore could not sue him for the rent due.

*Allen* v. *Wooley*, 1 Blackfd. (Ind.) 148 ; *Hintze* v. *Thomas*, 7 Md. 346 ; Platt on Covenants, 495 to 505 ; *Hansen* v. *Prince*, 45 Mich. 519.

*Affirmed.*