Chandler v. Pittsburgh Plate Glass Company.

CHANDLER v. PITTSBURGH PLATE GLASS COMPANY.

[No. 2,453.   Filed May 12, 1898.]

NATURAL GAS.—*Lease.*—*Title to Rents Accruing After Conveyance of Land.*—Where an owner of land executes a gas lease, and afterward conveys the land the grantee is entitled to the rents maturing after the conveyance.

From the Howard Superior Court.   *Reversed.*

*B. C. Moon* and *Conrad Wolf*, for appellant.

*Blacklidge & Shirley*, for appellee.

COMSTOCK, J.—Appellant sued appellee to recover rents under a gas lease upon certain lands of which she is and was at the time of the commencement of this suit the owner. The lease provided for the annual payment of rent during its continuance. The question discussed is whether the owner of land, who has executed a gas lease, and afterward conveys the land, is entitled to the rents maturing after the conveyance, or whether they belong to the grantee. The trial court in sustaining the demurrer to the complaint held that the rents belong to the original lessor, though maturing after the conveyance. This decision was upon the theory that the contract in suit was one of sale, by which certain privileges pertaining to the land described therein were sold to the Diamond Plate Glass Company, and through it to the appellee, and that the relation of landlord and tenant was not created thereby. This precise question has not been passed upon, as we are advised, although in the recent case of *Swint* v. *McCalmont Oil Co.*, 184 Pa. St. 202, 38 Atl.

1021, the supreme court of Pennsylvania assumed the right to the rents accruing subsequent to the deed to be in the grantee of the reversion of lands leased for oil purposes. The analogies support the proposition that the right to the rents accruing after the conveyance of the land is in the grantee. Rents are an incident to the ownership of the land. A lease to till gives the right to use the land for one purpose; a gas lease gives the right to use for another purpose. A conveyance of land leased for tillage or other use conveys to the grantee a right to all rents on the land thereafter maturing. *Lindley* v. *Dakin*, 13 Ind. 388; *Page* v. *Lashley*, 15 Ind. 152; *King* v. *Anderson*, 20 Ind. 385; *Allen* v. *Shannon*, 74 Ind. 164; *McClead* v. *Davis*, 83 Ind. 263; *Kellum* v. *Berkshire Life Ins. Co.*, 101 Ind. 455; *Swope* v. *Hopkins*, 119 Ind. 125; *Butt* v. *Ellett*, 19 Wall. 544; *Howland* v. *Coffin*, 9 Pick. 52; *Van Rensselaer* v. *Hays*, 19 N. Y. 68, 75 Am. Dec. 278; *Van Rensselaer* v. *Ball*, 19 N. Y. 100; *Perrin* v. *Lepper*, 34 Mich. 292; *McGuffie* v. *Carter*, 42 Mich. 497, 4 N. W. 211; *Hansen* v. *Prince*, 45 Mich. 519, 8 N. W. 584; *Page* v. *Culver*, 55 Mo. App. 606; *West Shore Mills Co.* v. *Edwards*, 24 Or. 475, 23 Pac. 987; *Springer* v. *Phillipps*, 71 Pa. St. 60; *Morrow* v. *Sawyer*, 82 Ga. 226, 8 S. E. 51; *Zink* v. *Bohn*, 3 N. Y. Supp. 4; Jackson & G. Landl. and Ten., sections 982-993; 12 Am. and Eng. Ency. of Law, p. 683. The statute has abolished the necessity for attornment. Section 7096, Burns' R. S. 1894. A transfer by inheritance of land leased for mining solid minerals transfers the right to undue rents. *Hendrix* v. *McBeth*, 61 Ind. 473, 28 Am. Rep. 680; *Hendrix* v. *Hendrix*, 65 Ind. 329; *McDowell* v. *Hendrix*, 67 Ind. 513. This rule was applied to rents maturing on land from an oil and gas lease thereon. *Woodburn's Estate*, 138 Pa. St. 606, 21 Am. St. 932, 21 Atl. 16. A conveyance by deed is as effect-

ive as a conveyance by inheritance to transfer rents not accrued to the grantee. Sections 7096-7098, Burns' R. S. 1894. In *Manderbach* v. *Bethany Orphans' Home*, 109 Pa. St. 231, 2 Atl. 422, the court held that a conveyance of land upon which there was a flowing spring transferred the right to water rents thereafter maturing under a grant of perpetual right to use water therefrom for a yearly compensation. The same court in *Wettengel* v. *Gormley*, 160 Pa. St. 559, 40 Am. St. 733, 28 Atl. 934, held that a lease for gas or oil owing to the vagrant character of the substances partake of the character of a lease for general tillage rather than a lease for mining or quarrying the solid minerals.

The Supreme Court of this State holds that natural gas reduced to possession is personal property, but that the title does not vest in any private owner without it is reduced to actual possession. There can be no absolute, permanent property in natural gas until reduced to possession and placed under control. It is held to be a mineral, but of a peculiar kind. The title to it is likened to that in wild animals or fowls "in their fugitive and wandering existence," or in fish passing up and down a stream. See *State* v. *Ohio Oil Co.*, 150 Ind. 21, and authorities there cited. To construe the lease in question as a sale of the natural gas would be entirely inconsistent with the doctrine laid down in the case last cited.

The contract in question was for the use of land for the purpose therein named, and the right to the compensation agreed to be paid for its use accruing after the conveyance of the land was in the grantee. Judgment reversed, with instructions to overrule the demurrer to the complaint.