## 6033.  LONG v. CLARK.

WADE, J.   1. A distress warrant is final process unless arrested by the interposition of a counter-affidavit.  Withers v. Hopkins Place Savings Bank, 104 Ga. 89-100 (30 S. E. 766).  "A crop produced on any part of the rented premises is liable for the whole rent of the entire premises, and whether produced by the tenant or his subtenant, unless the landlord assented to the subletting or ratified it whilst owner of the rent contract, or the transferee of the contract did so after acquiring his title."  Andrew v. Stewart, 81 Ga. 53 (3), 55 (7 S. E. 169).

(a) Nothing can be recovered in a distress-warrant proceeding unless the relation of landlord and tenant exists (Bonds v. Brown, 133 Ga. 451, 66 S. E. 156), though "a landlord, in the absence of any contract to the contrary, may adopt a tenant of his tenant as his own, and distrain the crop of the subtenant to enforce the collection of rent primarily due him by his tenant."  Nash v. Orr, 9 Ga. App. 33 (70 S. E. 194).

(b) Where the owner of land rented it to one who afterwards moved away from the premises, and another person took possession of the land and raised a crop on it, and the landowner sued out a distress warrant against the former tenant, which was levied on the crop as the property of the defendant, and a claim to the property was interposed by the person in possession, the fact that no counter-affidavit was filed by the defendant was not such an estoppel as would render him incompetent to testify, as a witness for the claimant, that he himself did not rent the premises from the plaintiff for the year in which the crop in question was raised, did not make any crop thereon or exercise any rights as a tenant during the year, and did not sublet or subrent the place to the claimant or to any one else for that year.

(c) There being evidence from which the jury was authorized to infer that there were no contractual relations between the person who was in possession of the premises and who raised the crop thereon and the alleged tenant, a verdict sustaining a claim to the crops levied upon under and by virtue of a distress warrant against the alleged tenant was not contrary to law; for if the crop levied upon was not raised by the defendant named in the distress warrant, or by any person or persons renting from or holding under him, or acting under and by virtue of his authority, such crops could not be subjected to a distress warrant against him.

2. The several assignments of error on the admission of testimony and on the charge of the court do not require the grant of a new trial.   The jury passed upon the substantial issues of fact and no sufficient reason appears why their finding should be set aside.     Judgment affirmed.

DECIDED MAY 17, 1915.

Levy and claim; from city court of Sparta—Judge Moore. September 25, 1914.

*T. L. Reese, M. L. Felts,* for plaintiff.

*L. D. McGregor, T. M. Hunt, Lewis & Culver,* contra.