## McLENDON *et al. v.* BONNER *et al.; et vice versa.*

1. A discharge in bankruptcy will not affect the lien of a judgment rendered by a court of competent jurisdiction in this State more than four months prior to the adjudication in bankruptcy.
2. If a debtor fraudulently conveys his property to another person to avoid payment of his debts, and afterward procures his discharge in bankruptcy, and the trustee in bankruptcy also receives a discharge with-

Actions, 1 C. J. p. 1124, n. 16; p. 1126, n. 35, 42.
Bankruptcy, 7 C. J. p. 177, n. 70; p. 410, n. 1.
Fraudulent Conveyances, 27 C. J. p. 750, n. 18; p. 765, n. 92.
Judgments, 34 C. J. p. 920, n. 60, 61; p. 1013, n. 24.

out having attacked the deed or administered the property described therein, as a part of the estate of the bankrupt, creditors, having ob-. tained judgments more than four months prior to the adjudication in bankruptcy, may after the discharge of the trustee attack the deed as void as against them, for the purpose of enforcing their judgments. In such case it is not necessary that a trustee in bankruptcy bring the action.

3. A judgment in a suit instituted by one creditor against the grantor and grantee in a deed, declaring the deed void because it was made to hinder, delay, and defraud creditors, will not estop the defendants from insisting on validity of the same deed when attacked on similar grounds in a subsequent suit instituted against them by creditors who were not parties to the first suit.

4. If a debtor fraudulently conveys his property to another person to avoid payment of his debts, his creditors, having a common interest in defeating the fraudulent transaction, may join in one action to declare the conveyance void as to creditors and subject the property to payment of debts.

5. Where several suits were pending in the same court between different parties, all involving the same grounds of attack upon a deed as indicated in the preceding note, it was not erroneous as against the defendants to order a consolidation of the cases on application of the petitioning creditors in one of the suits.

6. Under application of the principles of law hereinbefore stated, the petition alleged a cause of action, and there was no error in overruling the general demurrer upon any ground taken.

(*a*) The grounds of special demurrer to paragraphs 26 and 27 of the petition, relating to consolidation of actions, were not meritorious.

(*b*) The grounds of special demurrer to paragraphs 6, 7, 8, and 25 of the petition, relating to estoppel by judgment, were properly sustained.

Nos. 5790, 5791. SEPTEMBER 29, 1927.

Equitable petition. Before Judge Perryman. Wilkes superior court. December 6, 1926.

See *McLendon* v. *Reynolds Grocery Co.,* 160 *Ga.* 763.

*Colley & Wynne* and *Clement E. Sutton,* for McLendon et al.

*Earle Norman* and *B. W. Fortson,* contra.

ATKINSON, J.  Toombs McLendon executed a deed purporting to convey described realty to his brother, Andrew McLendon, and subsequently upon his voluntary petition in bankruptcy was discharged from all his debts that were provable in bankruptcy. The trustee in bankruptcy also was discharged without having attempted to administer the realty as a part of the bankrupt's estate or having made any attack upon the deed. At the time the deed was executed the grantor had certain creditors holding separate debts, all of whom obtained judgments more than four months prior to the petition in bankruptcy. One of these was Reynolds

Grocery Company, and another was Washington Manufacturing Company. These two had the oldest judgments. The Reynolds Grocery Company caused its execution to be levied upon the land. Andrew McLendon interposed a statutory claim; whereupon the plaintiff in fi. fa. filed an equitable amendment in aid of the levy, seeking to cancel the deed as fraudulent and void on the ground that it was made without consideration and for the purpose of hindering and delaying the creditors of the grantor. A verdict was returned against the claimant, and in favor of canceling the deed. Subsequently, when the property was again advertised for sale, Toombs McLendon paid off and settled the Reynolds Grocery Company execution and the Washington Manufacturing Company execution, and caused them, without being canceled, to be transferred to F. H. Ficklen, a volunteer, merely as a colorable scheme to make it appear of record that the liens of the judgments were still outstanding. It was intended that in the event of a sale of the property under the junior judgments Toombs McLendon could claim the proceeds of the sale under the senior judgments. The deed from Toombs to Andrew McLendon was really without consideration and fraudulent and void, because it was executed for the purpose and with the intent of both parties to enable Toombs McLendon to hinder, delay, and defeat his creditors. For the same purpose and with like intent Toombs McLendon, having permitted his taxes for the years 1922, 1923, and 1924 to accumulate and executions to issue, paid off the executions with his own funds, and caused them to be transferred of record to Andrew, so that it might appear that Andrew held liens superior to the judgment liens of the creditors. When the sheriff levied the execution of one of the creditors on one of the tracts embraced in the deed, Toombs caused Andrew to interpose a statutory claim. At the same time Toombs caused the tax executions to be levied on the same tract of land. At the tax sale the property was bid off by Ficklen ostensibly for himself, but really for and in behalf of Toombs. Neither he nor Toombs paid the sheriff any part of the bid, except the cost of sale. The object of the sale was to get the record title in Ficklen, to prevent enforcement of the judgments against it; after which Ficklen should reconvey it to Toombs Mc-Lendon.

The foregoing substantially states the alleged grounds of attack

upon the deed from Toombs to Andrew McLendon, and upon the tax executions, transfers, and sale to Ficklen, as made in an action instituted by the unsatisfied judgment creditors against the McLendons, F. H. Ficklen, and the sheriff. A general demurrer to the petition and special demurrers to certain paragraphs thereof were overruled, and the defendants excepted. In a cross-bill of exceptions the plaintiffs assigned error on so much of the judgment as sustained special demurrers to paragraphs 6, 7, 8, and 25 of the petition. The headnotes state the rulings of this court.

*Judgment affirmed on both bills of exceptions. All the Justices concur, except Hill, J., absent.*