### 22897. DANIEL *v.* RADFORD.

BROYLES, C. J. 1. While nothing can be recovered in a distress warrant proceeding unless the relation of landlord and tenant exists between the plaintiff and the defendant (*Long* v. *Clark*, 16 *Ga. App.* 355, 85 S. E. 358; *Bonds* v. *Brown*, 133 *Ga.* 451, 66 S. E. 156), yet "when title is shown in the plaintiff and occupation by the defendant, an obligation to pay rent is generally implied." Civil Code (1910), § 3692.

2. Upon the trial of this case the undisputed evidence disclosed that the title to, and the right of possession of, the land in question was in the plaintiff, and that the defendant occupied it and made a crop thereon. The defendant testified that he had a contract with the plaintiff to work for part of the crop, while the plaintiff testified that he made no contract of any character with the defendant. This issue of fact was settled by the verdict of the jury, and, under the ruling in the preceding headnote, the finding of the jury in favor of the plaintiff was authorized by the evidence.

*Judgment affirmed.* *MacIntyre and Guerry, JJ., concur.*

DECIDED AUGUST 2, 1933.

L. F. Watson, W. A. Dampier, for plaintiff in error.
Carl K. Nelson, contra.