BEAVERS *v.* MABRY *et al.*

No. 14294. December 1, 1942. Rehearing denied December 14, 1942.

*R. J. Bacon,* for plaintiff.

*H. O. Jones* and *R. L. Maynard,* for defendants.

REID, Chief Justice. In addition to the contention that the order of consolidation was entirely erroneous, and that the defendants were not entitled to any of the relief granted on their cross-action, the assignments of error are, specifically (1) that the plaintiff was in effect denied a hearing, and that the order was granted ex parte; (2) that the effect of the order of consolidation was to unite, contrary to law, a cause of action ex· contractu with one ex delicto, it being contended that the suit in the city court of Quitman for damages was one sounding in tort and that the distress-warrant proceeding was an action ex contractu.

■ The petition was first presented to Judge Worrill on May 26, 1942, at which time he entered an ex parte order restraining defendants Mabry and his wife as prayed, appointing the sheriff as receiver, and issued a rule nisi directed to these defendants, requiring them to show cause on June 6 why the "injunction and receivership should not issue." On June 6 apparently a hearing was had pursuant to the rule returnable on that date, because on that day the judge entered a further order preserving the status as it then existed, and calling for briefs upon certain issues in the case. The record does not actually show that the plaintiff was represented at the hearing on June 6, and is vague in some other respects, it not appearing that a rule had been issued upon the defendants' cross-action, or that it had been filed or served before that time. It is also true that there are some recitals in the bill of exceptions which, taken alone, might justify the conclusion that the order objected to was granted ex parte. It was entered on June 10. Apparently between June 6 and June 10 the defendants Mabry secured consent to the consolidation by Knight and Wharton, who were joint defendants in the suit in the city court of Quitman and in the distress-warrant proceeding. The plaintiff contends that he had no notice of this consent, or of the fact that such an order would be entered. He of course was entitled to be heard on the issues at interlocutory hearing. Code § 55-201; *Jackson* v. *Byne,* 56 *Ga.* 525. But we conclude from an examination of the entire record, together with marginal note entered on the bill of exceptions by the judge, in which it is recited: "This case has been fully presented and argued; the court was in doubt about the consolidation of these cases; the court gave the lawyers time to find and cite authorities . .", that counsel had been heard on the merits of the question before the court, and any further hearing beyond this would be entirely within the discretion of the court. It would be better if the record were plainer on this question; but the burden is on the person complaining to show error, and a reversal will not be had unless the error is made plainly to appear. "The duty is on the plaintiff in error to show error,—to make it appear to this court; but where the bill of exceptions and record are so confused and uncertain as to render it difficult to see distinctly the points ruled below, and therefore impracticable to see errors in such rulings, an affirmance will result."

*Hudspeth* v. *Scarbrough,* 69 *Ga.* 777 (4) ; *Simpson* v. *McBride,* 78 *Ga.* 297; *Grier* v. *Cross,* 79 *Ga.* 435 (6 S. E. 14) ; *Gairdner* v. *Tate,* 121 *Ga.* 253 (48 S. E. 907) ; *Farmers Protective Fire Insurance Co.* v. *Portrum,* 145 *Ga.* 825 (90 S. E. 49) ; *Richmond Hosiery Mills* v. *Hayes,* 146 *Ga.* 240 (91 S. E. 54) ; *Richter* v. *Cann,* 191 *Ga.* 103, 105 (11 S. E. 2d, 774).

■ While "the general test, in determining whether cases can be consolidated or whether an equity suit will lie to enjoin an action at law and try its issues in the equity suit, is whether the two suits could have been joined originally; and this depends 'on whether a misjoinder or multifariousness would result" *(Sanders* v. *Wilson,* 193 *Ga.* 393, 18 S. E. 2d, 765), yet in applying this rule it is proper to look to the situation of the parties at the time the action complained of was taken. In the present case the plaintiff was asserting a liability in his suit pending in the city court of Quitman. This liability was denied by the Sumter County defendant, and that issue had not been determined. There was no effort on the part of the Sumter County defendant to seek any equitable relief until the plaintiff first invoked the aid of equity in the superior court of that county. The plaintiff's equitable action was in aid of and supplemental to his action at law brought in the city court of Quitman, and the distress-warrant proceeding "returnable to superior court of Sumter County." If the defendant was not indebted to the plaintiff, the plaintiff could not complain as to conveyance of defendant's .property. So in the trial of the equity cause it would first be necessary to determine the question of indebtedness, both as to the claimed damages and as to the rent. To determine the claim as to damages would be to determine the very claim pending in the city court of Quitman; and this had been invoked, not by the defendants, but by the plaintiff when he filed his equitable proceeding. We think it is not important whether this action in the city court of Quitman is one ex contractu or ex delicto. This is not an instance where the *defendants* complain of joinder. When the situation in the present cause is studied closely, it is seen that the plaintiff himself virtually brought about the consolidation when he planted himself on the relief sought in his equity petition. As pointed out, he could not travel in his equity cause without an adjudication of the question made in the case at law. He himself characterized his equity peti-

tion as a "supplemental bill," and it was he who chose the forum in which the issue of liability must be determined. "The trial judge did not err in allowing an amendment which engrafted the action at law upon the equitable petition which prayed judgment upon the same notes as set forth in the suit upon the notes, and in addition asked for injunction and for cancellation of the deed made by one of the defendants in the action at law, a husband, to his wife, who was made a party in the equitable petition, and thereby consolidating the two cases. When the rights of all concerned in a common subject-matter may be adjudicated in a single proceeding without prejudice to any, equity may interfere to prevent a multiplicity of suits; and the rule may be as well applied in the consolidation of suits already pending as in an instance where the proceeding is an initiatory one. 'It is in the discretion of the judge of the superior court to consolidate two cases sued in that court into one. . . Such discretion will not be interfered with unless abused.'" *Spinks* v. *LaGrange Banking & Trust Co.,* 160 *Ga.* 705 (129 S. E. 31). See generally, on the question of consolidation in equity: *Roulett* v. *Mulherin,* 100 *Ga.* 591 (2) (28 S. E. 291); *White* v. *Interstate Building & Loan Association,* 106 *Ga.* 146 (32 S. E. 26); *Hines* v. *Wilson,* 164 *Ga.* 888 (4, 5) (139 S. E. 802); *McLendon* v. *Bonner,* 164 *Ga.* 869 (5) (139 S. E. 799); *O'Malley* v. *Wilson,* 182 *Ga.* 97 (185 S. E. 109).

A distress warrant is a summary or final process, unless when levied it is arrested by counter-affidavit under the statute. Code, title 61, chapter 4; *Long* v. *Clark,* 16 *Ga. App.* 355 (85 S. E. 358); *Withers* v. *Hopkins Place Savings Bank,* 104 *Ga.* 89, 100 (30 S. E. 766).

"When the defendant replevies the property the levy becomes functus, and the proceeding is converted into an ordinary action for rent, with the bond standing as security in the event of a judgment for the plaintiff." *Phillips* v. *Rawls,* 46 *Ga. App.* 200 (167 S. E. 189); *Griggs* v. *Willbanks,* 96 *Ga.* 744 (22 S. E. 327). In the present case it appears of record that the distress-warrant proceeding was returnable to the next term of Sumter superior court, which of course means that it had become mesne process or merely an action seeking judgment for rent, there being no longer any question of lien involved. *Rountree* v. *Rutherford,* 65 *Ga.* 444 (2); *Chisholm* v. *Lewis,* 66 *Ga.* 729; *Elam* v. *Hamilton,* 69 *Ga.*

736 (2); *Brooke* v. *Augusta Warehouse & Banking Co.,* 119 *Ga.* 946 (47 S. E. 341); *Swain* v. *Nasworthy,* 2 *Ga. App.* 253 (2) (58 S. E. 492).

The distress warrant showed a levy on the Buick automobile which the equitable petition charged had been fraudulently transferred by the defendant Mabry to his wife. This was one of the transfers it was sought to cancel. The plaintiff in the equitable petition asserted that his claim for rent represented by the distress warrant was a lien on the defendant's property. The fact that this claim may be erroneously asserted (Code § 61-403) does not alter the case. It still represents an effort of the plaintiff to subject the property sought to be seized in the equitable action to liability represented in the distress-warrant proceeding, as well as in the action at law in the city court of Quitman.

The two defendants who were residents of Brooks County consented to the order of consolidation. They were interested in all phases of the litigation; all of the relief which the plaintiff sought related to a claim of their joint liability with Mabry. The wife of Mabry was interested, because the plaintiff sought to collect his claimed indebtedness out of property which she claimed. A multiplicity of suits and much duplication was clearly avoided by the order of consolidation. Considering the character of the relief sought by the plaintiff, it is our view that he is not in a position to object to the action taken in this proceeding. The defendants as well as the plaintiff are in such a case entitled to the convenient facilities of equity which the uniform-procedure act of 1887 (Code, § 37-9) had for its object. As against the objections urged the court did not err in granting the order excepted to.

*Judgment affirmed. All the Justices concur.*