### 35663. CRAIG *v.* DAY.

DECIDED JULY 5, 1955.

340

*Ernest M. Smith, S. B. Wallace,* for plaintiff in error.

*F. H. Boney,* contra.

CARLISLE, J. 1. The evidence adduced upon the trial of the issues raised by the affidavit and counter-affidavit in this dispossessory-warrant proceeding was in conflict, but sufficient to authorize the jury to find that the relationship between the plaintiff and the defendant was that of landlord and tenant at will; that the defendant tenant failed and refused to pay the rent when due and was holding over and beyond her term; and that the defendant tenant, by claiming the property as her own and indicating, prior to the institution of the dispossessory warrant proceedings, that she would not surrender possession of the property under any circumstances, made it unnecessary that an actual demand of possession be made by the plaintiff. The verdict in favor of the plaintiff was, consequently, authorized by the evidence. According to the plaintiff's contentions as reflected by his

evidence, he was the duly adopted son of the defendant's sister. When he was approximately 18 months of age, his adoptive mother in 1932 purchased the property, consisting of a house and 250 acres of land, which is now in dispute. He and his adoptive mother, along with the defendant and her family, lived on the property until he was approximately six years of age, when he and his mother moved to Nashville, Tennessee. When he was approximately eight years of age, his mother deeded the entire property to him through a trustee, and those deeds were duly recorded in the office of the Clerk of the Superior Court of Henry County, Georgia, where the property is situated. Although he held title to the land, he gave his mother all the proceeds from the land, and she continued to manage the property and collect the rents from the defendant in his behalf. By agreement with his mother, the defendant—who with her family had continued to live on the property after the plaintiff and his mother moved to Nashville—was to pay a varying number of bales of cotton per year as rent, and the plaintiff was, on one occasion, present when the warehouse receipts and samples of cotton were delivered to his mother by two of the defendant's children, and the plaintiff took the warehouse receipts and sold the cotton and deposited the money to his mother's account in the bank. This occurred in November of 1951. In February of 1950, the plaintiff's mother had entered into a timber lease in her own name and had sold the timber on the property to a third person for $2,700. The timber was cut and the money paid to his mother. According to the records of the tax receiver of the county, the property had been returned for taxes in the name of the plaintiff's mother from 1932 until 1952. The plaintiff's mother died in December of 1951, and the taxes on the property for 1952 were paid by the defendant, though returned as on the property of the estate of the plaintiff's mother. In June of 1952, the plaintiff received a letter written on behalf of the defendant and at her direction, in which the defendant claimed the property as her own. Various letters from members of the defendant's family, who lived on the property with the defendant, to the plaintiff's mother and to the plaintiff and his mother were introduced in evidence, from which it was inferable that some of the defendant's children, at least, considered that the plaintiff's mother was the owner of the prop-

erty, and that the relationship of landlord and tenant existed between the defendant and the plaintiff's mother.

The defendant's defenses were various. According to her contentions, as reflected by the evidence, the plaintiff's mother had purchased the property in 1932 for $2,400, and had agreed with the defendant that she would give her the property if she would move her family to the property and assist the plaintiff's mother, who was a widow, in running the property and caring for the plaintiff, who was at that time an infant of eighteen months of age, which the defendant did. The defendant also contended that she and the plaintiff's mother agreed that the property would be the defendant's if she paid the plaintiff's mother three percent interest on the purchase price and eventually paid the purchase price through her labor; and that she had paid the purchase price in that fashion and had paid the three percent interest annually by turning over a certain number of bales of cotton to the plaintiff's mother. She contended further that she had paid the purchase price also by allowing the plaintiff's mother to sell the timber on the land, and that, at the time the plaintiff's mother sold the timber, it was agreed between the defendant and the plaintiff's mother that the plaintiff's mother would take the timber and the defendant could have the land.

As the conflicts in the evidence on all the material issues were resolved in favor of the plaintiff by the jury, and the verdict was authorized by the evidence, there is no merit in the general grounds of the motion for a new trial.

2. The plaintiff's testimony, to the effect that he made a parol gift of the proceeds from the land to his mother after she had deeded the property to him, was not inadmissible as a self-serving declaration, and there is no merit in special ground 3 of the motion for new trial.

3. A tenant at will who is in arrears with his rent, and who refuses on demand to surrender the premises, may be ejected by dispossessory warrant sued out pursuant to the provisions of Code § 61-301, and it is not necessary in such a proceeding that the two months' notice, which is a requisite to the termination of a tenancy at will under the provisions of Code § 61-105, be given the tenant at will. *Lanier* v. *Kelly*, 6 *Ga. App.* 738 (65 S. E. 692) ; *Bussell* v. *Swift*, 50 *Ga. App.* 148 (1) (177 S. E. 277). Un-

der an application of the foregoing rule of law, the trial court in the present case did not err in charging the jury: "Now, gentlemen, our law provides that when anyone owns a piece of property and has rented it out to another for an indefinite time, to a tenant at will, then if he demand possession of it, and the tenant refuses to give possession, he has [the] right to take out what we know as a dispossessory warrant," on the grounds that such charge states an incorrect principle of law and fails to take into account the requirement of law that a tenant at will be given two months' notice. The charge correctly stated the law applicable to the case, and there is no merit in special ground 4 of the motion for new trial.

4. The evidence was uncontradicted that the plaintiff's mother deeded the property to the plaintiff through a trustee when the plaintiff was a child of approximately eight years of age, and that he made a parol gift of all proceeds from the land to his mother at that time. The jury was authorized to find that the plaintiff's mother and the defendant had entered into an agreement whereby the defendant was to pay a specified number of bales of cotton annually as rent for the property; that this agreement was made prior to the time the plaintiff's mother deeded the property to him; and that the rental arrangement had continued up until the time of his mother's death. Under these circumstances, the relationship of landlord and tenant between the plaintiff and the defendant would have arisen by operation of law at the time he acquired title to the property. *Morrow* v. *Sawyer*, 82 *Ga.* 226 (8 S. E. 51). The trial court did not err, therefore, in charging the jury: "It is not necessary to show that he (the plaintiff) actually made a contract with Mrs. Craig [the defendant], but after the property was acquired by him by deed in 1937, if she paid him any rent that he wanted to give his mother, or to keep for himself. If you find any rent was paid to him or to the mother for the benefit of him, or if he wanted to give it to her, he would have the right after 1937." The charge did not constitute an expression of an opinion by the court, and correctly stated the law applicable to the case. There is no merit in special ground 5.

5. In special ground 6, error is assigned upon the following excerpt from the charge to the jury: "But if you find that she

(defendant) paid rent, he (plaintiff) contends she was to pay three bales of cotton a year rent, and that in November, 1951, she or some of her boys that lived with her on the place, gave him receipts on the warehouse for two bales of cotton and the samples in 1951. If you find that to be true, that would amount to Mrs. Craig recognizing him as the landlord." This excerpt from the charge is not erroneous as constituting an instruction to the jury to find that, if any cotton was delivered to the plaintiff, it was delivered as payment of rent. The charge clearly instructed the jury that, if the defendant paid rent to the plaintiff on the property, the paying of rent would constitute a recognition of the plaintiff as landlord. There is no merit in special ground 6.

6. In special ground 7, error is assigned on the following excerpt from the court's charge to the jury: "She (defendant) contends she went there at the request of Mrs. Day [the plaintiff's mother] to live, and that she was to have the property. That was the understanding, so she contends, back in 1932, when the property was bought. She would pay three percent interest on the cost of the land, $2,400, and eventually pay the $2,400; and she contends she has paid that, and therefore, the land is hers and she is not a tenant. That is all a question of fact, gentlemen, for you to pass on, whether or not she recognized him as the landlord by paying him rent." As can be seen from our discussion of the general grounds, this excerpt clearly states one of the defendant's various contentions, and the trial court did not misstate that contention. When this excerpt is read in the light of the charge as a whole, it is clear that all the court was doing in this instruction was charging the jury to determine whether or not the defendant had paid rent on the property, so as to become a tenant of the plaintiff or of the plaintiff's mother at any time between 1932, when the plaintiff's mother purchased the property, and the time of the institution of the dispossessory proceedings; and since the defendant contended that the property had become hers at various times during that period, it was necessary that the court charge as it did. There is no merit in special ground 7.

7. In special ground 8, error is assigned on the following excerpt from the charge to the jury: "It is essential that the plaintiff prove a tenancy on the part of the defendant. It is not essential that he prove any actual written or any verbal contract, but

whether or not she recognized him as landlord by paying him any rent," upon the ground that it instructed the jury that no contract of any nature was necessary to create the relationship of landlord and tenant. The excerpt contains an accurate statement of the law applicable to the case. *Daniel* v. *Radford*, 47 *Ga. App.* 282 (170 S. E. 302); *Cleveland* v. *Watson*, 51 *Ga. App.* 37 (179 S. E. 586). The court's charge did not exclude an implied contract to pay rent, and such a contract would arise from proof of title in the plaintiff and occupancy by the defendant. There is no merit in special ground 8.

8. It is not necessary to prove a demand for the possession of the premises where it appears that the demand, if made, would have been refused. *Ballard* v. *Daniel*, 18 *Ga. App.* 449 (89 S. E. 603); *Moore* v. *Collins*, 36 *Ga. App.* 701 (138 S. E. 81); *Werner* v. *Footman*, 54 *Ga.* 128. The defendant notified the plaintiff, prior to the institution of the present proceeding, that she was claiming the property adversely to him, and on the trial testified that she did claim the property and was still claiming it. Under these circumstances, proof of demand was unnecessary. Special ground 2, in which complaint is made that there was no proof of demand, and special ground 9, in which complaint is made on the court's instruction that proof of demand was unnecessary, are without merit.

9. In special ground 10, error is assigned upon the following excerpt from the charge to the jury: "Now, gentlemen, if you find that she was not a tenant, did not go there and at no time during the time she was there that she paid rent to either Mrs. Day, now deceased, or to Mr. Day, the plaintiff in this case, and did not recognize either of them as the landlord, then you would go into the question of whether or not the transaction of the sale of the timber in 1950 consummated that trade, that Mrs. Craig contends was made back at the time she moved on the place. That is, she contends she was to pay Mrs. Day back $2,400 and interest on the investment at 3 percent. If you find she paid that as a result of the sale of the timber and that Mrs. Day took that money for the $2,400 and interest and made the deal at that time, and that she told Mrs. Craig she could have the land, in that event, you would find for Mrs. Craig. If that has not taken place, if you do not find that to be true, why, then if you find she was a tenant

of either Mr. Day or his mother and that she has not paid for the land, that she has not bought it and that she remained as a tenant and was such at the time of the filing of this action, why, then, you would find for the plaintiff, Mr. Day." When this charge is read in the light of the charge as a whole and in the light of the defendant's contentions, it does not appear to have placed a greater burden on the defendant than required by law. There is no merit in special ground 10.

10. In special ground 11, error is assigned on the following excerpt from the charge to the jury: "Now, gentlemen, in addition to that, if you find for the plaintiff, the plaintiff is contending that he is entitled to rent on the premises since September 10, 1953. The law provides that where a tenant holds over after demand is made and after suit is filed, they only claim from the time the suit was filed, they are entitled to recover double rent, whatever you find to be the actual value of the farm from September 10th up until today, whatever the value you find to be, then you would double that and add that to the verdict, if you find for the plaintiff, add that to the verdict there." This charge was not harmful to the defendant as intimating that a demand had been made, since, as we have already pointed out in division 8 of this opinion, proof of demand was unnecessary, and the court had already dispensed with the question of demand in charging that proof of demand was unnecessary. There is no merit in special ground 11.

The trial court did not err in denying the motion for a new trial for any reason assigned therein.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*