### BROWN vs. THE CITY OF ATLANTA.

1. The *onus* is upon the plaintiff in error to show error which injured him.   Where the verdict was for the plaintiff in the court below, and he excepted because it was too small, it devolved upon him to show some error which could have affected the amount of such verdict.

2. In an action for damages alleged to have resulted from negligence

in the agents of the defendant, the *onus* is upon the plaintiff to show such negligence and a consequent injury.

3. There was no error in cautioning the jury to take the law implicitly from the court, and stating as a reason therefor that an error of law, if made by him, could readily be corrected, but if they should pass upon the law and err it could not be reached with the same readiness.

4. There was no error in charging that the agents of the city of Atlanta had the right to let off the water from time to time from the reservoir of its water-works, for the purpose of carrying out the objects thereof, provided it was done with the care of a prudent person who had his own crops growing on fields below, and provided it did no more harm than nature's floods would do, had there been no such reservoir, and provided the flow from the water-works would not, in the absence of other high water, more than fill the natural bed of the stream below.

5. In a suit for damages from overflow of land below the reservoir of a city, the law is similar to that in case of damages from ordinary mill-dams.

6. In a suit by the owner of property on the course of a stream below the reservoir belonging to city water-works for damages to his land, the *onus* is on him to show that the reservoir and the water therefrom not merely contributed to the injury, but were the preponderating causes thereof.

7. The verdict is not contrary to law or the evidence.

Practice in the Supreme Court. Damages. Negligence. Municipal corporations. Charge of Court. *Onus probandi*. Before Judge HILLYER. Fulton Superior Court. March Term, 1880.

Brown brought case against the city of Atlanta for damages alleged to have been done to his land, lying on the course of the same stream as the city water-works, and below the reservoir, by overflowing the same. The principal cause of damage alleged was the letting off of water from the reservoir through a waste pipe. On the trial the jury found for the plaintiff $112.00. Being dissatisfied with this verdict, he moved for a new trial, which was refused, and he excepted. Among the grounds of error were the following charges of the court:

1. "The court is responsible for the law. Your oath

and your duty require that you take the law implicitly as the court delivers it. To aid your memory in this respect, the court reminds you that the charge is delivered here in public, in the hearing of the parties and their counsel; notes may be taken of it, and if the court errs in the law it is easy to reach it and to have a rehearing upon it, and to have it corrected, but if the jury undertake to usurp the functions of the court, and differ with the court as touching the law, as you deliberate in private, and it is unknown sometimes what reasons guide you to your conclusions, it is more differcult to reach, ascertain or correct any error into which you might fall. Therefore, the law imposes upon the court the responsibility of determining the law of the case. Your province is with the facts. You are the exclusive judges of the testimony, and it is your duty to find the facts in the testimony and from the testimony."

2. "The burden of proof is on the plaintiff to show that the city was negligent, and to show that he was injured, and to show the extent of such injury, and to show that the same was caused by the defendant's negligence, or that of its agents having charge of the works in question. The evidence must preponderate in favor of Mr. Brown to make out his cause of action.."

3. "The city had in law a right to construct the waterworks and to dam up and obstruct the water so far as proper and necessary therefor, and it was the plaintiff's right to have his land exempt from any more injuries and negligent overflow of his land by water than would have gone over it by the laws of nature. It is not his right to have it come in the same undisturbed volume as it would have come by nature, or that high water from rains should occur on his land at the same exact time it would have come, but his right would be that such high water should not be more injurious. If there was injury caused to plaintiff's land by unnecessarily or negligently urning water out of the dam, which injury would not

have happened at all but for such wrongful turning out of water, he could recover; but if the same freshet or a more injurious one would have reached his land anyhow, though at an earlier date, he could not recover. There could be no recovery for injury done, if any, by water running out over the storm channels any more than would be by water passing any ordinary mill dam or factory dam."

4. "The city or its agents would have the right to let off the water for all proper purposes of the works, if done in such quantities as would keep within and not overflow the adjacent lands below, when the stream was in its ordinary condition—its condition not in the time of floods or freshets, but its condition generally and at ordinary times between freshets, and if the water was let off in quantities no greater than the channel would reasonably contain within the banks at ordinary times, then if it happened that on some occasion or occasions, the channel was already in whole or in part filled or occupied by high water, so that there was not room for both together to flow off harmlessly, and in that manner the plaintiff's lands were overflowed, this would give no cause of action. The court is of opinion that, at such times of high water or partially high water, the city would not have to stop reasonable and proper operation any more than any factory or mill would have to stop the water from its wheels in like times for fear of making or increasing an overflow below. The city would have no right to let off more water or at greater rate than would be safe and prudent to proprietors below, when the channel was open and free to receive it and carry it off, and if no more than that was discharged from the dam, the defendant would not be liable, whether the plaintiff was injured or not. If more was discharged and plaintiff's crops were injured thereby, then he could recover for the injury to the extent of the same."

5. "Again, it would be the duty of the city and its officers and agents having charge of the works, to use ordi-

dinary diligence in letting off the water, that is, to take such care as a prudent person would take were the whole risk his own. If you find that the water was let off for causes that were reasonable and proper, and was done with appliances adapted for the purpose, at a rate no greater than a prudent person would, by those causes and using that dam and those appliances, have used and deemed safe to himself had he been also proprietor, as plaintiff was, on the stream below there, the plaintiff could not recover."

6. " That the plaintiff's land was injured would not be sufficient. It must further appear that the negligence caused the injury or injuries; not that it contributed to injury or injuries mainly arising from other causes. The defendant's negligence must be the chief cause, the preponderating, controlling cause, before it could be the subject of a recovery. If the injury or injuries in question were caused mainly by heavy rainfalls escaping through the water-works' stream or coming down in other streams, pouring in above plaintiff's land, and if these were the main, substantial, preponderating causes of the overflow of plaintiff's land, then he could not recover, even though there was negligence, and even though such negligence added to or increased the injury in some minor and uncertain degree. The negligence complained of must be the main, controlling and preponderating cause, ascertained and distinguished from other causes, in order to be the subject of a recovery."

T. P. WESTMORELAND; F. A. KIRBY, for plaintiff in error.

W. T. NEWMAN; MYNATT & HOWELL, for defendant.

JACKSON, Chief Justice.

This was an action on the case brought by the plaintiff against the city of Atlanta for damage done to his land

below the city water-works by the negligent conduct of its agents in turning off the water therefrom. The jury found for plaintiff one hundred and twelve dollars damages for the year 1877, suit being for damage in 1875 and 1876 also; and the plaintiff made a motion for a new trial on the ground of divers alleged errors in the charge of the court and of inadequacy in the amount of damages found for him.

1. When a plaintiff in error brings a case here he must show error which has hurt him. This court is not an expounder of theoretical law, but it administers practical law, and corrects only such errors as have practically wronged the complaining party.

In this case the plaintiff in error has wholly failed to show wherein any alleged error of the charge complained of has damaged him on the facts of his case. He has not attempted it. Not even an abstract of those facts has been prepared and furnished the court to demonstrate to us that he was hurt by anything which the presiding judge either did or said, and the rule of court which requires as well an abstract of the testimony as of the grounds of error assigned has been wholly disregarded. Therefore it is enough to say, that the verdict being for the plaintiff for one hundred and twelve dollars, and the plaintiff having failed to show us, either by abstract or argument on, or summary of, the facts, that such verdict is too small, it must stand as made by the jury.

2. If, however, we felt it our duty to expound theoretical law for the benefit of explorers thereof, and to inspect the charge in connection with the declaration of the plaintiff, we fail to see substantial error therein. The declaration is based on negligence in the servants of the city, and the chief complaint respecting the charge is that the judge put that issue squarely before the jury. That issue was invoked by the plaintiff. There he, himself, put his case, and there the court held him.

3. In cautioning the jury to receive the law implicitly from him, lest they might do the parties irreparable damage, and giving as a reason for such caution the fact that if he made a mistake it could be corrected, but if they did on a question of law usurped by them it would be difficult to correct it, the presiding judge committed no error.

4. In charging the jury substantially that the agents of the city had the legal right to let off the water, from time to time, for the great uses for which the legislature gave the city the privilege to make the reservoir, provided it was done with the care of a prudent person, who had his own crops growing on fields below, and provided it did no more harm than nature's floods would do had there been no such reservoir, and provided the flow from the water-works would not, in the absence of other high-water causes, more than fill the natural bed of the stream below, the presiding judge seems to have given the plaintiff the measure of his legal rights.

5. So, in analogizing this important enterprize to mills and mill-dams, and confining the damage to proprietors below from the waste of water or its escape in the use, to like damage from mills, we cannot see that the court erred.

6. As held in two cases during the present term, the doctrine in respect to the *onus* on the plaintiff to show that the reservoir and the water therefrom was the preponderating cause of the damage complained of, was correctly and fully stated.

7. Nothwithstanding the failure of the plaintiff in error to furnish an abstract of the evidence, we have examined the testimony spread over this very voluminous record—much of it embracing other plantations and hardly germane to the case on trial—and cannot say that the damage found is inadequate.

The suit itself seems an after-thought. It was long delayed, and looks speculative; and to confine the dam-

age to 1877 and make it moderate, accords with that good
sense which often distinguishes jury trial and reconciles
the lover of justice to much of other evils incident to
such trial. As well the cause as the amount of damage
done is very unsatisfactorily shown, and the plaintiff has.
no just ground to complain.

Judgment affirmed.