## SIMPSON vs. McBRIDE.

1. The burden of showing error is upon the plaintiff in error; and where a case is brought to this court upon an illegible bill of exceptions and a confused and mixed record, any inability to decipher the questions made must fall upon the plaintiff in error.

(a) Where the question was whether a person who distrained for rent was the landlord or whether another person was such, and upon contradictory testimony as to this question, the justice of the peace before whom the suit was brought, found in favor of the person distraining, the jury in that court also found in his favor, and the judge of the superior court, on certiorari, sustained the finding, this court will not interfere.

2. Where an answer of a justice to a writ of certiorari, made two or three years after the trial in his court, in response to an order to perfect his answer, stated that he remembered something about some deed, but could not then recall it, and in respect to a motion to continue, answered that, as he then recollected, the defendant announced ready, and after some adverse ruling wished to change the announcement and continue the case, on such an answer there was no error in refusing to sustain the certiorari on the ground that the justice erred in refusing to continue the case and compel the production of the deed.

3. Although a constable signed his name to an entry of levy by using a cross-mark, yet when the answer of the justice to a writ of certiorari showed that the constable was in court, and that he returned the levy as his and recognized his mark, there was no error in refusing to sustain the certiorari on that ground.

4. Where a justice, in his amended answer to a writ of certiorari,

stated that he had sent up everything and stated everything that he could remember at the date of such last answer, there was no error in refusing to send the answer back to be further perfected.

(a) Under the facts of this case, this court refuses with hesitation to award damages for bringing it up for delay only.

December 21, 1886.

Practice in Supreme Court. Practice in Superior Court. *Certiorari.* Levy and Sale. Officers. Before Judge HARRIS. Fayette Superior Court. March Term, 1886.

A. J. McBride made an affidavit to obtain a distress warrant against Thomas J. Simpson. The writ was issued December 20, 1882, and levied on certain personal property. The defendant interposed a counter-affidavit. The justice rendered a judgment in favor of plaintiff. The defendant appealed to a jury in that court, and they found a verdict for the plaintiff. The defendant then carried the case to the superior court by *certiorari.* He contended that he owed the plaintiff nothing, and that he rented the land not from the plaintiff, but from B. F. McBride. On this point the evidence was conflicting. Defendant complained that he had served a notice on A. J. McBride, requiring him to produce in court a deed to the land made by the father of A. J. to B. F. McBride; and that the plaintiff admitted that he had the deed, but the justice refused to compel its production. The justice, in his amended answer, stated that he could not recall the entire matter to mind at that distance of time; that he did not remember the exact testimony sought to be introduced, but it was something in regard to the title to the land and was ruled out by the court.

Another ground of error was that the magistrate refused to grant a continuance. In his answer, the justice stated that he remembered that the court was under the impression that both parties had announced ready, and the case had proceeded to trial, and that after several hours, counsel for defendant moved for a continuance, alleging that

he had not announced ready; but as the court was under a different impression, he overruled the motion.

Another error assigned was that the court erred in admitting in evidence the distress warrant and levy, over objection on the ground that the constable could not write and had made his mark, but that the entry and signature so made were not attested. The justice stated in his answer that the entry of levy was made and properly signed by the bailiff, who turned over the papers to the court; that it was true the bailiff could not write, but the objection appeared to him as simply an effort for a continuance, and was overruled.

In 1884, exception was taken to the answer of the magistrate, and he filed an amended answer, stating that it was a correct answer to the exceptions, so far as he could recollect them at that date. In 1886, when the case was called for trial, it was moved that further answer be required from the magistrate. This was refused.

The judgment of the justice was sustained, and the defendant excepted.

J. T. SPENCE, by HARRISON & PEEPLES, for plaintiff in error.

BIGBY & DORSEY, for defendant.

JACKSON, Chief Justice.

It is not easy to ascertain the truth of the case made by this *certiorari*, from a very illegible bill of exceptions, and a transcript of record about as confusedly put together as a clerk could well arrange it, and deficient in dates of orders and answers to the writ of *certiorari*. As it is the duty of the plaintiff in error to make that error manifest to this court, if we have failed to decipher the questions made, he must be the loser.

1. The issue seems to be who rented this land to the tenant, and was entitled to the rent, A. J. McBride, who

distrained for that rent, or B. F. McBride, who also claimed to be the landlord, and was set up as such by the tenant. The evidence is in parol, there being no written contract of rent, and is contradictory. The justice of the peace found in favor of A. J. McBride; the jury in the justice court found the same way, and the judge of the superior court has repeated for the third time this same conclusion. Surely on this issue of fact, this persistent litigant ought to be satisfied; if he is not, we must compel his acquiescense by a fourth decision to the same effect, ours being that ratification of the three first which the law requires this court to make.

2. In respect to certain errors of law complained of, touching the refusal to continue and to force the production of the deed, the answer of the justice of the peace to the petition that sets up these errors, and the facts authorizing their being made, do not lay before the superior court any facts on which those errors alleged can rest. The justice remembered something about some deed, but cannot recall it, some two or three years after trial in his court, when he was commanded to perfect his answer; and about the continuance he answered that, as he then recollected, the tenant answered ready, and after some adverse ruling wished to change the announcement and continue. On such facts there was no error in going on with the trial, and none not to have a deed produced that he did not remember what it contained, or would show about the grantor or grantee, or land or aught else. The superior court is governed by the answer of the justice, not the petition of a party, and committed no error in not sustaining such points on such facts.

3. In respect to the levy being made by a constable, who signed his name by using a cross-mark, the justice says, in substance, that he was in court, returned the levy there as his, and recognized his mark; and thinking the objection to the levy a mere effort to delay, he overruled objection to it. Certainly this was not ground to reverse the justice and sustain the *certiorari*.

4. So far as refusal to send the answer back for further perfecting, the court was certainly right (if the point was made before it, which is not certain from the bill of ex-ceptions), because the justice in his last return answered that he had sent up everything, and stated every fact he could remember at the date of the last answer.

It is rather doubtful whether a case brought to this court so confusedly as this is, and containing such evidence of delay in a spirit of litigation as to which of two men the tenant should pay rent, ought not to have the cracker of ten per cent. for delay tied to its tail; but as it might have been thought there was something in the point that the plaintiff distrained as an individual, though there was evi-dence that he was still administrator of his father, who once owned the land, it appears dimly, and that the pur-pose of continued delay might admit of doubt, we forbear to direct damages. It is very rare, however, that an hon-est man, who owes rent and is tenant to somebody, should be so particular about not only the landlord, but the char-acter in which that landlord sued. We cannot see how he would be hurt if he paid by a judgment of court.

Judgment affirmed.