## GRIER vs. CROSS.

Grier rented to Cross a tract of land. The growing crop thereon was afterwards levied on under a distress warrant for $400.00 in favor of Grier. Cross filed a counter-affidavit denying indebtedness, and also filed a bill praying that a receiver be appointed to take charge of the crop and gather and sell it; and the receiver was appointed. On the trial the jury found for Grier $33.75. The court decreed that from the funds in the hands of the receiver all costs be first paid, including the fees of the auditor, the court costs, the pay of the receivers, and the expenses of gathering, housing and marketing the crop; and that the balance be equally divided between Cross and Grier, the amount of the verdict in favor of the latter being deducted from the share of the former:

Held, that the decree on its face appears to be correct; and the bill, answer, etc. not having been brought up in the record, and no error being shown, the decree will be affirmed. He who alleges error must show it.

February 18, 1888.

Equity. Receivers. Costs. Decrees. Practice in Supreme Court. Before Judge JOHN T. CLARKE. Terrell Superior Court. May Term, 1887.

The contract of rental between Grier and Cross provided that the former was to furnish the latter with land, on a certain named plantation, sufficient for six plows, six mules and feed for them, all tools necessary for cultivating the crop, and seed for planting, etc., and to pay the blacksmith bills, one-half the guano used, half the cost of ginning the cotton raised, and half the cost of bagging and ties; also to pay Cross a reasonable price for any building or repairing he might do on the place at the request of Grier. Cross was to furnish and pay for all necessary labor and cultivate the land well, and make and gather the crop free

of cost to Grier; also to pay for one-half the guano or other manure furnished to the place (except 5,000 lbs. cottonseed meal and the manure raised on the place), and for half the expense of ginning the cotton and of bagging and ties, etc.; also to deliver Grier's half of the crop to whoever he might indicate, and to gather and house the remaining interest of Grier. Half the entire crop was to belong to each party. "And the said Cross further agrees that the interest in and to said crop shall be subject to and bound for whatever the said Grier may furnish him"; and to take good care of the stock and utensils and return them in good order, less wear and providential causes.

SIMMONS & GUERRY, for plaintiff in error.

J. M. GRIGGS; C. B. WOOTEN; J. G. PARKS, for defendant.

BLANDFORD, Justice.

Grier rented to Cross a tract of land. The growing crop thereon was afterwards levied upon, under a distress warrant for $400.00 in favor of Grier against Cross. Cross filed a counter-affidavit setting up that he was not indebted, and also filed a bill and asked for the appointment of a receiver, to take charge of the crop and gather and market the same; and a receiver was accordingly appointed. The case went to trial, and the jury found a verdict in favor of Grier for $33.75. The court (there being funds in the hands of the receiver to be distributed) decreed, first, that all the costs and charges accruing in the case, to-wit, the fees of the auditor and court costs, the pay of the receivers, and the expenses of gathering and housing and marketing the crop, be first paid out of this fund, and that the balance, when ascertained, be equally divided between Cross and Grier; but that out of the amount going to Cross, the verdict of $33.75 in favor of Grier should be paid. This decree is excepted to and error assigned thereon.

The decree upon its face seems manifestly right to us. We do not see how the chancellor could have decreed otherwise than he did. The record in this case is very meagre, the bill and answer, etc., not being sent up as a part of the record. No error appearing in the decree itself, and the record not showing any error therein, we must affirm the decree. He who alleges error must show it; and the plaintiff in error having failed to show any error in this record, the judgment is affirmed.