## HAYES v. RICHMOND HOSIERY MILLS.

PER CURIAM. The petition with the amendment thereto set forth a cause of action as against the demurrer filed by the defendant, and the court erred in dismissing the same.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*

FEBRUARY 11, 1915.

Action for damages. Before Judge Wright. Walker superior court. November 13, 1913.

The plaintiff, a boy of fourteen years, who had been reared on a farm and was without experience as to machinery, was employed at the defendant's factory. He alleged: that his duties under this employment were to stir hosiery with a stick in dye-kettles, about which employment there was no danger; that he so worked for about four days; that then he was removed by Miller (the defendant's superintendent and vice-principal, to whose orders he was subject) from the dye-kettles to a machine known as an extractor or a whizzer, operated for drying hosiery in the course of its manufacture, and composed of a metal receptacle upon vertical shafting that caused it to make about 300 revolutions per minute; that he was entirely unfamiliar with the machine and its operation and dangers, and Miller negligently failed to warn him of such danger, and, owing to plaintiff's youth, inexperience, and lack of knowledge, he did not know and had not equal means of knowing of the danger incident to such operation, and did not know how properly to load the receptacle (this requiring some degree of knowledge and skill, in that the hosiery should be packed therein carefully and evenly, distributing the weight thereof around the sides of the receptacle in order that it may not be so jostled as to cause the ends thereof to fly out) ; that the defendant knew, or by the exercise of ordinary care should have known, of the danger, and failed to warn the plaintiff thereof and to instruct him as to the loading and operation of the machine; that he filled the receptacle with wet hosiery, as he understood was proper from having casually seen the machine in operation when passing it during the four days preceding, and then started it to revolving; and that after it had gained a high velocity the end of one of the stockings he had placed in it flew out (the other end remaining fastened therein), caught and wrapped his hand or wrist, and pulled his arm against the shafting, breaking it in two places and lacerating

the muscles, etc. He described the extent of his injuries, and laid damages at $3,000. The defendant demurred on the grounds, that no cause of action against it was alleged; that the allegations showed that the plaintiff's own negligence, and no fault of the defendant, caused the injury; that no fact was alleged as to the construction of the machine that showed danger incidental to its operation, or any defect in it, or that the danger (if any) in its operation was not so fully exposed to the plaintiff's observation that he did not have equal opportunity with the master of knowing thereof; and that the allegation as to the plaintiff's observation of the machine for the previous four days, etc., showed that he, with full knowledge of any dangers incident to it, was alone the cause of the accident. The demurrer was sustained, and the plaintiff excepted.

*W. H. Payne,* for plaintiff.

*Watkins & Watkins* and *R. M. W. Glenn,* for defendant.