FARMERS PROTECTIVE FIRE INSURANCE COMPANY *v.* PORTRUM & ALTMAN.

PER CURIAM. 1. The burden of showing error in the judgment of the trial court to which exception is taken rests upon the plaintiff in error.

2. In this case suit was brought on a policy of fire insurance, of which a copy was alleged to be attached to the petition. It was alleged that the company refused to pay the loss, "basing its refusal aforesaid on, an unjust and unwarranted assumption that the property had been vacant for more than sixty days before the fire, in violation of an alleged rule or by-law." What purported to be a copy of the policy attached to the petition showed no such rule or by-law as being contained in or attached to it. The answer of the defendant averred that "it is true that said property insured by it and for which said claim is based did remain vacant more than sixty days prior to said fire, without a permit from the agent or director of said defendant company of said district in which said property so destroyed was located. This defendant maintains that under the constitution and by-laws of said defendant company, as set forth in section 8 of said constitution, this defendant company is not liable for the loss of said property, for the reason that said plaintiffs did not comply to [with?] said constitution and by-laws of said policy held by them, and that no permit was asked for or granted to them as provided by said constitution." The brief of evidence contains a long colloquy between counsel and the court in regard to the introduction in evidence of the policy, and shows that it

was finally introduced, but nowhere shows that in fact it contains or has attached to it or printed on it a vacancy clause of the character mentioned. In the brief of evidence is set out a certain letter from the secretary and treasurer of the company to the plaintiffs, in which it is stated that their claim was disallowed because the house had stood vacant more than sixty days, and that "if you will refer to section 8 of the constitution as printed upon the back of your policy you will readily see that it is impossible for the company to pay this claim." A letter from the company to the deputy insurance commissioner was also introduced, which purported to set out a copy of section 8 of the constitution. Nowhere in the brief of evidence does it appear affirmatively, either by proof or admission, that there was any such clause in the constitution, or that it was attached to or printed on the policy. *Held*, that under such facts it is impossible for this court to declare that there was such a clause which became a binding part of the contract, under the Civil Code (1910), § 2471. This being so, it can not be held that there was any error in the recovery, either as to the amount of the policy or the damages and attorney's fees.

*Judgment affirmed. By five Justices, all concurring.*

SEPTEMBER 14, 1916.

Action on insurance policy. Before Judge Smith. DeKalb superior court. July 14, 1915.

*L. B. Norton*, for plaintiff in error. *Owens Johnson*, contra.