## RICHMOND HOSIERY MILLS *v.* HAYES.

1. The plaintiff's evidence was sufficient to withstand a motion for nonsuit, and the verdict is supported by the evidence.
2. If a party desire a fuller instruction to the jury on the law as applied to any particular phase of the evidence, he should invite such instruction by a timely written request. A complaint of a failure to charge a principle of law in a particular form, even if such principle be pertinent, presents no question for decision, where neither is the charge brought up in the record nor is it otherwise made to appear that there was an omission to charge appropriately on the subject. He who alleges error must show it by the record.
3. Assignments of error on excerpts from a charge to the jury should specify the alleged error. Such excerpts as are criticised as not being adapted to the pleadings and evidence in this case are not open to such criticism.

DECEMBER 12, 1916.

Action for damages. Before Judge Wright. Walker superior court. December 30, 1915.

*Watkins & Watkins, R. M. W. Glenn,* and *P. F. Brock,* for plaintiff in error. *W. H. Payne* and *Rosser & Shaw,* contra.

EVANS, P. J. In his petition the plaintiff alleged the following: He was a boy of 15 years, had been reared on a farm, was without experience as to machinery, and was employed at the defendant's factory. His duties were to stir hosiery with a stick in dye-

kettles, about which employment there was no danger. He was engaged in this work for about four days, when he was removed by defendant's superintendent and vice-principal from this work to a machine known as a hydro extractor or whizzer, operated for drying hosiery in the course of its manufacture. This machine was composed of a metal receptacle upon vertical shafting that caused it to make about 300 revolutions per minute. He was entirely unfamiliar with the machinery and its operation, and the superintendent negligently failed to warn him of such danger, and, owing to his youth, inexperience, and lack of knowledge, he did not know or have equal means of knowing of the danger incident to the operation of the whizzer; he did not know how properly to load the whizzer, which required some degree of knowledge and skill, in that the hosiery should be packed therein carefully, evenly distributing the weight thereof around the sides of the receptacle, in order that it may not be so jostled as to cause the ends thereof to fly out. The defendant knew, or by the exercise of ordinary care should have known, of the danger, but failed to warn the plaintiff thereof and to instruct him as to the loading and the danger from the operation of the machinery. He was injured on the first day on which he began to work at the whizzer, and in the following manner: He filled the receptacle with wet hosiery, as he understood was proper from having casually seen the machine in operation while passing it during the four days preceding, and then started it to revolving, and after it had gained a high velocity the end of one of the stockings which had been placed therein flew out (the other end remaining fastened) and caught and wrapped his hand and wrist and pulled his hand against the shafting, breaking his arm in two or more places, lacerating the muscles, etc. He sued for damages, and obtained a verdict which the court refused to set aside on motion for new trial.

1. The evidence of the plaintiff sustained the allegations of his petition. It was adjudicated by this court that the petition stated a cause of action. 143 *Ga.* 131 (84 S. E. 541). Accordingly, there was no error in refusing to grant a nonsuit, or in refusing to vacate the verdict on the ground that it was without evidence to support it.

2. It is the duty of the judge, whether requested or not, to give to the jury appropriate instructions on the substantive issues made

by the evidence as applicable to the pleadings. When no complaint is made of any dereliction in this respect, and the charge to the jury is not brought up in the record, this court will indulge the presumption that the jury were so instructed. Omnia præsumuntur rite et solemniter esse acta. If a party desire a fuller instruction on the law as applied to any particular phase of the evidence, he should invite such instruction by a timely written request. A complaint of a failure to charge a principle of law in a particular form, even if such principle be pertinent, presents no question for decision, where the charge is not brought up in the record, and it is not otherwise made to appear that there was an omission to charge appropriately on the subject. He who alleges error must show it by the record.

3. Certain excerpts from the charge of the court are alleged to be error, but it is not .pointed out in what respects the excerpts complained of are erroneous. The charges apparently state correct principles of the law; and in the absence of specific defects being indicated in the assignments of error, the giving of such charges is not cause. for a new trial. Criticisms of other excerpts from the charge, as not being adapted to the pleadings and evidence, are not well founded.

*Judgment affirmed. All the Justices concur.*