## RICHTER *v.* CANN.

No. 13516. OCTOBER 16, 1940. REHEARING DENIED NOVEMBER 20, 1940.

104

*George H. Richter,* for plaintiff.

*Adams, Douglas & Brennan* and *Abrahams, Bouhan, Atkinson & Lawrence,* for defendant.

GRICE, Justice. No transcript of the record accompanies the bill of exceptions, it being expressly stated therein that no part

of the record other than that appearing in the bill of exceptions is material to a clear understanding of the errors complained of. None of the pleadings are here. The final judgment only is before us. The burden is on the party alleging that a judgment is erroneous to show it affirmatively by the record. *Simpson* v. *McBride,* 78 *Ga.* 297; *Grier* v. *Cross,* 79 *Ga.* 435 (6 S. E. 14); *Gairdner* v. *Tate,* 121 *Ga.* 253 (48 S. E. 907); *Farmers Protective Fire Ins. Co.* v. *Portrum,* 145 *Ga.* 825 (90 S. E. 49); *Richmond Hosiery Mills* v. *Hayes,* 146 *Ga.* 240 (91 S. E. 54). Not only that, but the onus is on the plaintiff in error to show error which injured him. *Brown* v. *Atlanta,* 66 *Ga.* 71; *First National Bank of Chattanooga* v. *American Sugar Refining Co.,* 120 *Ga.* 717 (48 S. E. 326); *Studstill* v. *Growers Finance Corporation,* 165 *Ga.* 304 (140 S. E. 859). We are apprised that the judge dismissed a petition for mandamus brought by the plaintiff against "Samuel A. Cann," but not once is the official character of the defendant referred to, nor is anything brought to our attention concerning any official duty a due performance of which is sought by the petition. Whether a good or bad case for the issuance of the writ was presented, we do not know. We know that a petition was dismissed, that to this order the petitioner excepted, that it may be fairly inferred from the recitals in the bill of exceptions that the *reason* the judge dismissed it was that it was not verified, and that on the hearing no evidence was offered to sustain it; but it has often been held that a judgment will be affirmed if the right conclusion was reached, regardless of the reason given for the ruling under review. *Arnold* v. *Kendrick,* 50 *Ga.* 293; *Crittenden* v. *Southern Home Building & Loan Association,* 111 *Ga.* 266 (5) (36 S. E. 643). It is not the function of a court for the correction of errors to scrutinize the mental process by which a trial judge worked out the problem in hand. What route he took to accomplish the result is of but little consequence. He may leave the highway altogether, and wander into the pathless woods; but if in the end he reaches the correct destination, that is sufficient. It is the actual decision, and that alone, that is subject to review. Compare *Babb* v. *McKinnon,* 185 *Ga.* 663 (196 S. E. 488), and cit.

We do not wish it to be understood that anything said above is an expression of opinion on our part that the judge was wrong, or gave an incorrect reason for his ruling. How can it be determined

whether or not the trial court should be overruled for dismissing the petition on oral motion, unless we look to the petition itself? On application of the authorities heretofore cited, the burden is on the plaintiff in error to make it affirmatively appear that the court by its ruling not only committed error but deprived him of some substantial right to which he was entitled, thereby showing injury. If the petition showed on its face no right to invoke the writ, the plaintiff was not in a legal sense injured by its dismissal. Whether we have the right, under the Code, § 6-810(4), to order the clerk of the court below to send to this court a copy of the petition, when none of the record was specified in the bill of exceptions, we must decline to do so in the instant case. Twice in the brief of the defendant is the suggestion that this court might wish to send for the record. In a reply brief filed by plaintiff is what we construe to be an argument against our sending for the record. We find it unnecessary to decide whether or not the judge was correct in the view that the petition had to be verified, and we affirm the judgment for the reason that plaintiff has not carried the burden of making it affirmatively appear that the court erred in dismissing the petition.

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., disqualified.*