## WALKER *v.* HARTFORD ACCIDENT & INDEMNITY CO. *et al.*

362

No. 14591.   JULY 8, 1943.

*Jack D. Evans* and *Randall Evans Jr.,* for plaintiff in error.

*T. Reuben Burnside, Stevens & Stevens,* and *Bussey, Fulcher & Hardin,* contra.

DUCKWORTH, Justice. "It is not the right of a stranger to a pending cause to intervene therein, unless it is necessary to his protection that he be allowed to become a party to the litigation and thus afforded an opportunity to resist the rendition of a judgment which would operate to his prejudice." *Clarke* v. *Wheatley,* 113 *Ga.* 1074 (39 S. E. 437). See *Davis* v. *Warde,* 155 *Ga.* 748 (118 S. E. 378) ; *Clark* v. *Harrison,* 182 *Ga.* 56 (3) (184 S. E. 620). In *Potts* v. *Wilson,* 158 *Ga.* 316 (2-a) (123 S. E. 294), it was ruled: "The general rule at common law is that persons who are not parties to a suit can not file an intervention therein. There are some exceptions to this rule, as where an intervenor sets up some right that would be directly affected by the judgment; but in such a case the interest of the intervenor must be of such a direct and immediate character that he will either gain or lose by the direct effect of the judgment, and such interest must be created by the claim in suit, or a claim to a lien upon the property, or some part thereof, which is the subject-matter of the litigation." See *Small* v. *Peacock,* 171 *Ga.* 475, 477 (155 S. E. 754) ; *Tanner* v. *American National Bank,* 145 *Ga.* 512 (89 S. E. 515). As an illustration of an exception permitting an intervention, see *Rust* v. *Woolbright,* 54 Ga. 310, where "A sold land to B, taking his notes for the purchase-money, and giving a bond for the titles. A traded a portion of these notes to C, as collateral security for a debt he owed him. After this he brought ejectment against B for the land on his failure to pay. B filed an equitable plea claiming that he was entitled to a title, and asking that a general account be had between them, and that A make him a title. Whereupon C asked to be made a party to the proceeding, so as to protect his interest in the notes held by him." Mrs. Walker contends that she was entitled to intervene in the mandamus proceeding, because she had a right to protect, namely, the right of having her case tried by a jury in the justice's court, and that she was prejudiced by the disallowance of the intervention. It appears from the record that in the suit brought by her against the insurance company she had obtained, by a confession of judgment entered by the company, all that she sued for. She averred, however, that for reasons satisfac-

tory to herself, though not relating to the amount of recovery, she was dissatisfied with the judgment, and that the appeal allowed to her by the justice to a jury in his court was authorized by the Code, § 6-401, which provides: "In any civil case in a justice's court, either party dissatisfied with the judgment of the justice may, as of right, enter an appeal to a jury in said court, under the same rules as now regulate appeals to the superior court." As to appeals to the superior court as therein referred to, see Code, §§ 6-101, 6-301.

It is argued that she is entitled to such appeal even though she was the successful party in the confessed judgment, and notwithstanding that her dissatisfaction does not relate to the amount of recovery. We can not subscribe to this view. We think, on the contrary, that the right given to a party to appeal from a judgment in the justice's court is predicated on the assumption that by the judgment complained of the appellant has failed entirely in the suit or has failed to recover the full amount sued for. To hold otherwise would be to run counter to the well-settled principle that no one will be heard to complain of a judgment, unless he has been injured or is aggrieved thereby. In *Lamar* v. *Lamar,* 118 *Ga.* 684, 687 (45 S. E. 498), it was said: "It has, we believe, ever been the law, both in this State and in other jurisdiction, that a party not aggrieved by the judgment of a trial court is without legal right to except thereto, since he has of it no just cause of complaint. . . 'In legal acceptation, a party is aggrieved by a judgment or decree when it operates on his rights of property, or bears directly upon his interest.' 2 Cyc. 233, and citations. As was pertinently remarked by Chief Justice Jackson in [*Brown* v. *Atlanta,* 66 *Ga.* 71, 76]: 'When a plaintiff in error brings a case here, he must show error which has hurt him. This court is not an expounder of theoretical law, but it administers practical law, and corrects only such errors as have practically wronged the complaining party.'" See *Bryan* v. *Rowland,* 166 *Ga.* 719, 724 (144 S. E. 275); *Georgia Music Operators Asso.* v. *Fulton County,* 184 *Ga.* 348, 350 (191 S. E. 117); Houchin Sales Co. *v.* Angert, 11 Fed. 2d, 115, 118; 2 Am. Jur. 943, § 152. In their brief counsel for the plaintiff in error recognize the principles of law above set forth, but contend that they have no application to the present case, because it is provided in the Code, § 6-401, that in a justice's court

either party dissatisfied with the judgment of the justice may, *as of right,* enter an appeal to a jury in that court, under the same rule that regulates appeals therefrom to the superior court (§ 6-101), which provides: "In all civil cases tried and determined by a county judge or a justice of the peace, and on all confessions of judgments before either of said officers, where the sum or property claimed is more than $50 [as in the instant case], either party may, as a matter of right, enter an appeal to the superior court." But, as before pointed out, the only reasonable construction of such language is that the appeal provided for, *as a matter of right,* is as to one who has obtained by the judgment in his favor something less than that for which he sues. Where the party obtains all that he sues for, certainly he can not be said to be injured or aggrieved by the judgment. The substance of the judgment, and not the opinion of the party, determines whether or not he is aggrieved. The same reasoning which gives him no standing in an appellate court, where he does not show injury, applies with equal force to a situation where in a justice court the party appeals to a jury in that court from a judgment rendered after proof or confessed by his adversary. One complete victory in the same cause ought, in the eyes of the law, to satisfy a litigant. He needs no new declaration of the justness of his claim, though his adversary may, where the law so provides, seek a reversal of that judgment. Under the facts here presented, the appeal to a jury in the justice's court was without provision of law and was vain and nugatory. From this it follows that the intervention submitted in the superior court presented no right or interest of the pleader to be subserved or protected in the mandamus proceeding. The judge did not err in disallowing the intervention, and in making absolute the mandamus against the justice.

*Judgment affirmed. All the Justices concur.*