## HALL *v.* THE STATE.

No. 15880. September 6, 1947.

*George G. Finch,* for plaintiff in error.

CANDLER, Justice. ■ This case comes to us on certiorari from the Court of Appeals. Paul, or P. H., Hall was convicted in the Superior Court of DeKalb County of shooting at another. The Court of Appeals affirmed the conviction. *Hall* v. *State, 75 Ga. App.* 101 (42 S. E. 2d, 134). The only question presented to this court for decision by the petition for certiorari is whether the trial judge erred in refusing to permit the solicitor-general, who was then prosecuting for the State, to testify as a witness for the defendant without his counsel first stating to the court what he expected to prove by the witness. Touching the refusal to permit the solicitor-general to testify, all that the record contains is this: Defendant's counsel: "Take the stand, Mr. Leathers." Solicitor-General: "I am here as an attorney to represent the State. I can swear the truth and don't mind it." The court: "What do you propose to show by him?" Defendant's counsel: "I'll have to examine him and see." The court: "I'll hold you can not put him up." On this point the Court of Appeals held that the trial court erred in not permitting the solicitor-general to take the stand as a witness for the defendant, but that no reversible error was shown because the defendant's counsel did not state what material facts he expected to prove by the witness, and by so doing show how the accused was injured by the wrongful exclusion of his evidence. This is the only ruling contained in the decision of the Court of

Appeals upon which error is assigned in the petition for certiorari, and under Certiorari Rule 45 (Code, § 24-4549) this court will consider only the question raised in such petition. *Mitchell* v. *Owen,* 159 *Ga.* 690 (5) (127 S. E. 122); *Simpson* v. *Bradley,* 189 *Ga.* 316 (6) (5 S. E. 2d, 893); *Southern Ry. Co.* v. *Acme Fast Freight,* 193 *Ga.* 598, 602 (19 S. E. 2d, 286, 140 A. L. R. 1118).

■ The burden is on the party alleging that a judgment is erroneous to show it affirmatively by the record. *Simpson* v. *McBride,* 78 *Ga.* 297; *Grier* v. *Cross,* 79 *Ga.* 435 (6 S. E. 14); *Gairdner* v. *Tate,* 121 *Ga.* 253 (48 S. E. 907); *Farmers Protective Fire Ins. Co.* v. *Portrum,* 145 *Ga.* 825 (90 S. E. 49); *Richmond Hosiery Mills* v. *Hayes,* 146 *Ga.* 240 (91 S. E. 54); *Richter* v. *Cann,* 191 *Ga.* 103 (11 S. E. 2d, 774). Not only that, but the onus is on the plaintiff in error to show error which injured him. *Brown* v. *Atlanta,* 66 *Ga.* 71; *First Nat. Bank of Chattanooga* v. *American Sugar Rfg. Co.,* 120 *Ga.* 717 (48 S. E. 326); *Studstill* v. *Growers Finance Corp.,* 165 *Ga.* 304 (140 S. E. 859); *Walker* v. *Hartford Accident & Indemnity Co.,* 196 *Ga.* 361 (26 S. E. 2d, 695). In *Brown* v. *Atlanta,* supra, this court said: "When a plaintiff in error brings a case here, he must show error which has hurt him. This court is not an expounder of theoretical law, but it administers practical law, and corrects only such errors as have practically wronged the complaining party." It is not every erroneous exclusion of evidence that will suffice to reverse a judgment, and a case will not be reversed for error in the rejection of evidence unless the error results in a miscarriage of justice or constitutes a substantial violation of a constitutional or statutory right. It is for the reviewing court to determine whether prejudice has resulted; and if such exclusion did not prejudice the complaining party, and could not have affected the result, the error is harmless. 5 C. J. S. 1042, § 1739. The Court of Appeals by its decision now under review held that Mr. Leathers was a competent witness and should have been permitted to testify for the accused. We hold accordingly. But the question remains whether reversible error is shown by the record. Counsel for the plaintiff in error failed even so much as to intimate to the court what he expected to prove by the witness. The record does not show that the witness had refused to disclose to the accused or his counsel any facts of which he had knowledge. In fact, the record is entirely silent as to any effort

made by the accused or his counsel to ascertain what the witness knew which might be helpful in any way to the accused. The mere fact that he was the solicitor-general conducting the prosecution for the State did not necessarily make him a hostile witness. Counsel should have interviewed him and placed in the record the result thereof. The judge did not know, and we do not know, what he would have said if questioned, or that his testimony would have been relevant or material in determining the issue then before the court. So far as the record shows, it might have been prejudicial to the accused. The reply which the defendant's counsel made to the court concerning what he expected to prove by the witness would seem to indicate to us that counsel knew of no fact which he could reasonably expect to prove by the witness. The burden rested upon the accused to show affirmatively that he was injured by the ruling complained of, but for some undisclosed reason he made no sufficient effort to bear it; and this court can not now do so for him. If he did not intend to acquiesce in the court's ruling, he should have made apparent in some proper way what the testimony would have been, for without this showing this court can not determine whether injury resulted.

In *Griffin* v. *Henderson*, 117 *Ga.* 382 (43 S. E. 712), Mr. Justice Lamar speaking for this court said: "No matter how competent a witness might be, a court will not grant a new trial merely because he was not allowed to testify. It must appear that the excluded testimony was material; and the almost universal rule of practice is that what that material testimony was must be expressly called to the attention of the trial court at the time of its exclusion."

In Price *v.* United States, 68 Fed. (2d) 133, the Fifth Circuit Court of Appeals sustained a conviction of the accused where a district judge had refused to permit his wife to testify for him upon the ground that she was an incompetent witness. In that case Circuit Judge Sibley, after holding that a wife is a competent witness to testify in behalf of her husband in criminal trials in the courts of the United States, said: "Where the error alleged is that evidence has been wrongly excluded, the rule is well settled that there must have been an offer of a definite sort, so that both courts can know whether what is offered is in itself relevant and otherwise competent, and indeed whether it really exists. The absurdity of reversing the case without knowing this lies in the

possibility that upon a retrial it may develop that the evidence itself was incompetent or the witness would testify adversely, or knows nothing. Northwestern Union Packet Co. *v.* Clough, 20 Wall. 528, 22 L. ed. 406; Shauer *v.* Alterton, 151 U. S. 607, 14 Sup. Ct. 442, 38 L. ed. 286; *Griffin* v. *Henderson,* 117 *Ga.* 382, 43 S. E. 712, by Justice Lamar when on that court."

In Herencia *v.* Guzman, 219 U. S. 44 (31 Sup. Ct. 135, 55 L. ed. 81), where Mr. Justice Hughes delivered the opinion of the court, it is said: "It is further insisted that the court erred in refusing to allow one Dr. Gonzalez to testify. As to this the record merely sets forth that counsel 'offered to present the testimony of one Dr. Gonzalez, as an expert, which testimony is not allowed by the court and to which ruling of the court counsel for the defendant thereupon noted an exception.' Manifestly the judgment cannot be set aside because of this ruling, for it does not appear what testimony the witness was expected to give, or that he was qualified to give any."

We have examined cases from a number of other jurisdictions, and find that the rule announced in the three above cases is the almost universal rule of practice in this country, both in the State and Federal courts. The courts are in agreement on the proposition that error must be shown by the record, and will not be presumed by the reviewing courts.

We recognize that there may be errors from which injury is presumed, but this rule does not apply to error as here assigned.

Applying the principles above stated to the record before us, we are inevitably brought to the conclusion that the Court of Appeals did not err in affirming the judgment of the trial court.

*Judgment affirmed. All the Justices concur, except Atkinson, J., who dissents. Jenkins, C. J., concurs specially. Wyatt, J., took no part in the consideration or decision of this case.*

JENKINS, Chief Justice, concurring specially. I concur in the dissent written by Mr. Justice Atkinson; except that in this case the witness being the solicitor-general, an officer of the court, engaged in the prosecution of the case, the question as to whether or not he should be permitted to be sworn as a witness for the defense would seem to be a proper one for the exercise of preliminary interrogation by the court in order to ascertain what relevant facts the defense might expect to prove by him; and since it appears

that in answer to the inquiry of the court, counsel for the defendant failed to indicate in any wise any relevant fact which it was sought to be thus established, the court did not abuse its discretion in refusing to permit the prosecuting solicitor-general under such circumstances to be sworn as a witness for the defense.

ATKINSON, Justice, dissenting. I construe the ruling of the majority opinion as giving the trial judge power to require a statement as to what is expected to be proved by a witness before permitting him to be sworn and examined. I do not think that the law vests such authority in a trial judge, and to refuse to permit a witness to testify unless a statement as to what is expected to be proved by the witness is first made to the court is reversible error.