SIEGEL *v.* THE STATE.

No. 16786. NOVEMBER 14, 1949. REHEARING DENIED DECEMBER 1, 1949.

*W. W. Mundy Jr.,* for plaintiff in error.
*J. Brantley Edwards, Solicitor,* contra.

CANDLER, Justice. ■ This case comes to us on certiorari to the Court of Appeals. Milton N. Siegel was convicted, in the City Court of Polk County, of the offense of simply larceny. The Court of Appeals affirmed the conviction, and among other rulings, held that the trial judge did not commit reversible error in giving the following instruction to the jury: "If you find the defendant not guilty you will give him the benefit of the doubt and acquit him, and the form will be, 'We the jury find the defendant not guilty.'" *Siegel* v. *State,* 79 *Ga. App.* 410 (53 S. E. 2d, 686). And since this is the only ruling made by the Court of Appeals upon which error is assigned in the petition for certiorari, we will consider no other question made by the record. Certiorari Rule 45 (Code, § 24-4549); *Simpson* v. *Bradley,* 189 *Ga.* 316 (6) 320 (5 S. E. 2d, 893); *Southern Ry. Co.* v. *Acme Fast Freight,* 193 *Ga.* 598, 602 (19 S. E. 2d, 285, 140 A. L. R. 1118); *Hall* v. *State,* 202 *Ga.* 619 (44 S. E. 2d, 234).

■ Undoubtedly, the excerpt from the charge, as complained of in the present case is an inaccurate statement of the law, evidently resulting from a palpable "slip of the tongue"; but this court has frequently held that an erroneous charge from which no injury results does not require a reversal. *Brown* v. *Atlanta,* 66 *Ga.* 71; *First National Bank of Chattanooga* v. *American Sugar Rfg. Co.,* 120 *Ga.* 717 (48 S. E. 326); *Studstill* v. *Growers Finance Corp.,* 165 *Ga.* 304 (140 S. E. 859); *Walker* v. *Hartford Accident & Indemnity Co.,* 196 *Ga.* 361 (26 S. E. 2d, 695); *Hall* v. *State,* supra. In the *Brown* case, supra, this court said: "When a plaintiff in error brings a case here, he must show error which has hurt him. This court is not an expounder of theoret-

ical law, but it administers practical law, and corrects only such errors as have practically wronged the complaining party." It is earnestly insisted in the instant case that the trial judge, by that part of the charge complained of, erroneously instructed the jury that the accused could be given the benefit of any reasonable doubt which they entertained of his guilt only after first finding that the accused was not guilty of the offense charged against him; and it is insisted that, by the charge as given, the accused was injuriously deprived of his legal right to an acquittal if the jury, from all of the facts and circumstances of the case, including the defendant's statement, were not fully satisfied of his guilt to a moral and reasonable certainty and beyond a reasonable doubt. Standing alone, we think that the excerpt complained of does appear to be not only erroneous, but harmful; but after carefully looking at the charge as we have, and considering the part complained of in conjunction with the whole charge, we can not agree that the accused was injured by it. Respecting the proof which would be necessary to convict, and the defendant's right to an acquittal if the jury entertained a reasonable doubt as to his guilt of the offense charged against him, the court charged the jury: "The burden is upon the State to prove all of the material allegations of the accusation, and beyond a reasonable doubt. . . The defendant comes into court with the presumption of innocence in his favor. This presumption remains with him throughout the trial, or until sufficient evidence has been introduced to satisfy your minds of his guilt beyond a reasonable doubt. A reasonable doubt is such a doubt as may arise from the evidence or the want of sufficient evidence to satisfy your minds of his guilt. . . When a case is dependent entirely upon circumstantial evidence, the proven facts in the case must not only be consistent with the hypothesis of guilt, but must exclude every other reasonable hypothesis save that of the guilt of the accused. . . Where stolen goods are found in the possession of the defendant charged with larceny, recently after the commission of the offense, that fact would authorize the jury to infer that the accused was guilty unless he explains his possession to the satisfaction of the jury. . . If after considering all of the facts and circumstances which have been proven, or upon which evidence

has been submitted to you in the case, . . including the defendant's statement, if you believe the defendant to be guilty, the form of your verdict will be, 'We the jury find the defendant guilty.' If you find the defendant not guilty, you will give him the benefit of the doubt and acquit him, and the form will be, 'We the jury find the defendant not guilty.' " We can not bring ourselves to believe that the jury in this case, composed as it was of upright and intelligent men, did not fully understand from the entire charge that it was their duty to acquit the defendant if all of the facts and circumstances of the case, including, of course, a proper consideration of the defendant's statement, were not sufficient to satisfy their minds of his guilt to a moral and reasonable certainty and beyond a reasonable doubt; and this court has often and consistently held that a mere verbal inaccuracy in a charge, resulting from a palpable "slip of the tongue," which clearly did not mislead or confuse the jury is not cause for a new trial. *Lyle* v. *State*, 69 *Ga.* 762; *Hoxie* v. *State*, 114 *Ga.* 19 (39 S. E. 944); *Perdue* v. *State*, 135 *Ga.* 277 (69 S. E. 184); *Lamar* v. *State*, 153 *Ga.* 216 (111 S. E. 914); *Miller* v. *State*, 176 *Ga.* 825 (169 S. E. 33); *Harris* v. *State*, 191 *Ga.* 243 (12 S. E. 2d, 64); *Brown* v. *State*, 195 *Ga.* 430 (24 S. E. 2d, 312). In the *Harris* case, supra, Mr. Justice Duckworth, (now our Chief Justice), in speaking for the court said: "A manifest verbal inaccuracy in the charge, where the word 'not' was improperly used, which could not have confused or misled the jury, because of the explicit instructions properly stated on the same subject just before the inaccurate statement, is not reversible error." In this case, conceding, as we do, that the excerpt complained of is inapt, yet, since the judge had, immediately prior to making the inaccurate statement, fully and correctly instructed the jury on the law of "reasonable doubt," we will not ascribe to the jury such a lack of intelligence as would be implied from a holding that they believed from the inaccuracy complained of that it was their duty first to find the defendant not guilty before they would be authorized to give him the benefit of any reasonable doubt they had concerning his guilt. Surely the jury must have understood from the charge as a whole that it was their duty to return a verdict of not guilty in the case if they had a reasonable doubt in their minds as to the guilt

of the accused. To us it seems unthinkable that intelligent jurors could have been misled and confused in this case by the inaccurate instruction complained of, and we confidently do not believe that they were.

Applying the principles stated above to the record before us, we are brought inevitably to the conclusion that the jury in the present case was not misled or confused by the inaccurate statement of the judge in his charge, and accordingly we hold that the Court of Appeals did not err in affirming the judgment of the trial court.

*Judgment affirmed. All the Justices concur, except Head, Hawkins and Almand, JJ., who dissent.*