### 23771. DILL v. THE STATE.

NICHOLS, Justice. The defendant was convicted for the murder of Jerry Darnell with a recommendation of mercy. During the trial an objection to a question asked on cross examination by counsel for the defendant was sustained without argument as to the correctness of the State's objection. The appellant enumerates as error arising from such ruling the refusal of the trial court to hear argument before ruling, the refusal to hear argument on motion therefor after ruling, and the refusal to grant a mistrial after refusing to hear argument as to the admissibility of the evidence. Also included in the enumerations of error are the usual general grounds of the motion for new trial. *Held:*

1. "The burden is on the party alleging that a judgment is erroneous to show it affirmatively by the record. *Simpson v. McBride*, 78 Ga. 297; *Grier v. Cross*, 79 Ga. 435 (6 SE 14); *Gairdner v. Tate*, 121 Ga. 253 (48 SE 907); *Farmers*

*Protective Fire Ins. Co. v. Portrum,* 145 Ga. 825 (90 SE 49); *Richmond Hosiery Mills v. Hayes,* 146 Ga. 240 (91 SE 54); *Richter v. Cann,* 191 Ga. 103 (11 SE2d 774). Not only that, but the onus is on the plaintiff in error to show error which injured him. *Brown v. Atlanta,* 66 Ga. 71; *First Nat. Bank of Chattanooga v. American Sugar Rfg. Co.,* 120 Ga. 717 (48 SE 326); *Studstill v. Growers Finance Corp.,* 165 Ga. 304 (140 SE 859); *Walker v. Hartford Accident & Indemnity Co.,* 196 Ga. 361 (26 SE2d 695). In *Brown v. Atlanta,* supra, this court said: 'When a plaintiff in error brings a case here, he must show error which has hurt him. This court is not an expounder of theoretical law, but it administers practical law, and corrects only such errors as have practically wronged the complaining party.' It is not every erroneous exclusion of evidence that will suffice to reverse a judgment, and a case will not be reversed for error in the rejection of evidence unless the error results in a miscarriage of justice or constitutes a substantial violation of a constitutional or statutory right. It is for the reviewing court to determine whether prejudice has resulted; and if such exclusion did not prejudice the complaining party, and could not have affected the result, the error is harmless. 5 CJS 1042, § 1739." *Hall v. State,* 202 Ga. 619, 620 (44 SE2d 234).

2. The appellant does not contend, and makes no attempt to show, that the ruling of the trial court excluding the evidence objected to was itself error so as to require a decision as to the rulings complained of which resulted therefrom. Any error in refusing to permit counsel for the defendant to argue the admissibility of the evidence would not be harmful when the ruling on the admissibility of the evidence is correct.

3. The evidence adduced on the trial of the case authorized the verdict.

*Judgment affirmed. All the Justices concur.*

SUBMITTED NOVEMBER 15, 1966—DECIDED DECEMBER 5, 1966.

*Edward T. M. Garland, Garland & Garland, Reuben A. Garland,* for appellant.

*Lewis R. Slaton, Solicitor General, J. Walter LeCraw, Arthur*

*K. Bolton, Attorney General, G. Ernest Tidwell, Executive Assistant Attorney General, Hardaway Young, Ernest Stanford, Jr.,* for appellee.

