## 66786. ANDERSON v. THE STATE.

SHULMAN, Chief Judge.

Appellant was convicted of burglary and sentenced to 20 years in prison. He appeals, asserting the general grounds and several errors allegedly committed by the trial court.

1. At trial, the evidence revealed that on January 1, 1982, at 6:00 a.m., a neighbor observed a dark figure enter the house next door through a broken back window. Knowing that the occupants of the house were out of town, the neighbor contacted the area law enforcement authority. Upon arriving at the scene, the police officers conducted a search of the house and found that almost every room had been ransacked. After further investigation, they found a man, subsequently identified by the arresting officers as the appellant, hiding on the top shelf of a downstairs closet. Appellant told one officer during interrogation that they "had him good." The owner of the house testified that no one had permission to enter the dwelling in his family's absence. The foregoing evidence provides a sufficient basis upon which a rational trier of fact could find appellant guilty beyond a reasonable doubt of the crime of burglary. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); OCGA § 16-7-1

(Code Ann. § 26-1601).

2. Appellant argues that his character was illegally put in issue when an officer testified that appellant had told him that, if they would let him off, he would tell the officer who had been stealing tractor-trailer tires. Appellant claims that this statement implied that he had been involved in prior criminal activity. We disagree.

The Supreme Court has held that referring tangentially to a defendant's "record," even though it is conclusive evidence of prior criminal activity, does not place the defendant's character in issue. *Ogles v. State,* 238 Ga. 716 (235 SE2d 384). The statement in the present case falls far short of directly implicating appellant in previous criminal activity; therefore, this enumeration is without merit. See *Jones v. State,* 250 Ga. 166 (3) (296 SE2d 598).

3. After careful review of the trial transcript, we can find no formal objections or motions made at trial concerning appellant's remaining enumerations of error. Accordingly, these enumerations must fail because the "burden is on the party alleging that a judgment is erroneous to show it affirmatively by the record." *Hall v. State,* 202 Ga. 619, (2) (44 SE2d 234).

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED NOVEMBER 4, 1983.

Jimmy Neal Anderson, *pro se.*

*Robert E. Wilson, District Attorney, Susan Brooks, Robert G. Morton, James M. McDaniel, Assistant District Attorneys,* for appellee.